James **DULANEY**, Appellant,

v.

**CONSOLIDATED RAIL CORPORATION,**
**Appellee.**

Superior Court of Pennsylvania.

Argued June 3, 1998.
Filed Aug. 14, 1998.

---

Gregory L. Nester, Philadelphia, for appellant.

Dorothy T. Daly, Philadelphia, for appellee.

Before KELLY, J., CERCONE, President Judge Emeritus and MONTEMURO,* J.

KELLY, Judge:

In this appeal, appellant, James Dulaney, asks us to determine whether the trial court abused its discretion when it transferred his case from Philadelphia County to Allegheny County where appellee, Consolidated Rail Corporation (Conrail, presented facts to establish that trial in Philadelphia County would have been oppressive under *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 701 A.2d 156 (1997). We hold that, under *Cheeseman*, the trial court's transfer of venue based on *forum non conveniens* was proper where Conrail established that trial in Philadelphia County would have been oppressive in that the accident occurred in Ohio, appellant resided in West Virginia and worked out of Conrail's Allegheny County office, and all of the witnesses to the accident and appellant's medical providers resided in Ohio, West Virginia or Western Pennsylva-

* Retired Justice assigned to the Superior Court.

nia. Accordingly, we affirm the order entered in the Court of Common Pleas of Philadelphia County, granting Conrail's petition to transfer venue based on *forum non conveniens.*

The facts and procedural history of this appeal are as follows. On August 3, 1994, appellant was injured near Mingo Junction, Ohio, while working for Conrail. Appellant resides in Big Run, West Virginia and was working out of Conrail's Allegheny County, Pennsylvania office at the time of the accident. Conrail, which has offices in various states, including Philadelphia and Allegheny Counties, Pennsylvania, is a corporation that owns and operates railroads and railroad properties. On June 20, 1997, appellant sued Conrail in Philadelphia County, under the Federal Employers' Liability Act. On August 13, 1997, Conrail filed a petition to transfer venue to Allegheny County. The trial court granted the petition on October 1, 1997. Appellant filed a timely appeal on October 17, 1997.

On appeal, appellant raises one issue for our review:

WHETHER THE TRIAL COURT ERRED IN GRANTING CONRAIL'S PETITION TO TRANSFER VENUE PURSUANT TO PA.R.CIV.P. 1006(b).

(Appellant's Brief at 5).

The standard of review in cases of *forum non conveniens* is abuse of discretion. *Johnson v. Henkels & McCoy, Inc.,* 707 A.2d 237 (Pa.Super.1997)(citing *Keuther v. Snyder*, 444 Pa.Super. 468, 664 A.2d 168 (1995)). "An abuse of discretion occurs when the judge misapplies the law or exercises his judgment in a manner that is manifestly unreasonable or the result of bias, prejudice or ill will." *Id.*

In his sole issue, appellant complains that Conrail failed to "meet its high burden of demonstrating the oppressive or vexatious nature of [appellant]'s chosen forum so as to deprive [appellant] of his right to choose the forum in which he desires his case to be litigated." (Appellant's Brief at 6). Accordingly, appellant claims that the trial court abused its discretion when it granted Con-

rail's petition to transfer venue. We disagree.

Rule 1006(d)(1) of the Pennsylvania Rules of Civil Procedure provides:

> For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.Civ.P. 1006(d)(1). A "petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman v. Lethal Exterminator, Inc., supra* at 213, 701 A.2d at 162.

> [T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we must stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Id.* (citation and footnote omitted).

Guided by these principles, we turn to the instant case. In its petition to transfer venue, Conrail presented facts showing that the accident occurred in Ohio and that appellant and all of the witnesses lived in Ohio, West Virginia or Western Pennsylvania. Additionally, all of appellant's medical providers were located in Ohio, West Virginia or Western Pennsylvania. The only connection to Philadelphia County is that Conrail conducts business in Philadelphia County. Moreover, the trial court noted that "the only reason this case was not dismissed, thus allowing [appellant] to properly file this cause of action in Ohio, is that the statute of limitations had expired." (Trial Court Opinion at 3). Thus,

the facts show that Conrail has demonstrated that a trial in appellant's chosen forum would have been oppressive and that trial in Allegheny County would be more convenient because of easier access to all of the witnesses and other sources of proof. *See Cheeseman v. Lethal Exterminator, Inc., supra.* Therefore, we conclude that the trial court did not abuse its discretion when it granted Conrail's petition to transfer venue based on *forum non conveniens.*

Based upon the foregoing, we hold that, under *Cheeseman*, the trial court's transfer of venue based on *forum non conveniens* was proper where Conrail established that trial in Philadelphia County would have been oppressive in that the accident occurred in Ohio, appellant resided in West Virginia and worked out of Conrail's Allegheny County office, and all of the witnesses to the accident and appellant's medical providers resided in Ohio, West Virginia or Western Pennsylvania. Accordingly, we affirm the order dated October 1, 1997, transferring venue to Allegheny County.

Order affirmed.