## Graham v. Laidlaw Transit Inc.

C.P. of Allegheny County, G.D. no. 98-14720.

*Mark Neff,* for plaintiffs.
*Eric N. Anderson,* for defendant.

STRASSBURGER, *J.,* February 7, 2000—On September 16, 1998, plaintiffs filed a complaint in Allegheny County seeking damages arising from an accident involving a school bus, owned by the defendant and operated by one of defendant's employees, and a pickup truck operated by Jacob Charles Graham. On January 18, 2000, defendant filed its petition to transfer venue under forum non conveniens, requesting that venue be transferred from Allegheny County to Erie County.

The accident occurred in Erie County when the operator of a school bus was returning to the Laidlaw bus terminal in Erie County after completing her job of transporting school students in the Northwest School District in Erie County. The operator of the school bus is a resident of Erie County. Jacob Graham, who was also an Erie County resident, suffered death from injuries received in the accident. The rescue personnel at the scene of the accident were from the Cranesville Fire Department in Erie County. Decedent received medical treatment at Hamot Medical Center in Erie County. The accident was investigated by the Pennsylvania State Police from the Girard barracks in Erie County. Defendant's representatives, who went to the scene of the accident, worked out of defendant's terminal in Erie County. The only eyewitnesses to the accident are residents of Crawford County which, being adjacent to Erie County, is closer to Erie County than it is to Allegheny County.

All of the plaintiffs reside in Erie County. The co-administrators of decedent's estate were appointed by an Erie County court.

The only connection of this case to Allegheny County is that the defendant, a Canadian corporation, has an office in Allegheny County. This address is listed on the school bus registration. Defendant's business as relevant to this case, however, is the operation of school buses in the Northwest School District of Erie County.

Procedurally, on February 15, 2000, this case is scheduled for an argument on defendant's motion for summary judgment. The trial is scheduled for May 26, 2000.

Pennsylvania Rule of Civil Procedure 1006(d)(1) states:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

The Pennsylvania Supreme Court has interpreted this rule to require that a defendant requesting a transfer of venue demonstrate that the plaintiff's chosen forum is oppressive or vexatious to the defendant. *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997). The chosen forum is oppressive if it can be demonstrated "that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute." *Cheeseman,* 549 Pa. at 213, 701 A.2d at 162. A forum is vexatious if it was chosen "to harass the defendant, even at some inconvenience to the plaintiff himself." *Id.* In analyzing a request for transfer of venue, the *Cheeseman* court stressed that a plaintiff's chosen forum should not be disturbed based solely upon inconvenience to the defendant. *Id.*

In *Dulaney v. Consolidated Rail Corp.,* 715 A.2d 1217 (Pa. Super. 1998), the Pennsylvania Superior Court, interpreting *Cheeseman,* upheld a transfer of venue based upon facts which are analogous to this case. In *Dulaney,* an action was filed in Philadelphia County, a place where Consolidated Rail Corporation did business. *Dulaney,* 715 A.2d at 1218. However, the claim in *Dulaney* was based upon an accident which occurred in Ohio and was brought by a West Virginia resident who worked in Allegheny County, Pennsylvania. *Id.* Since all of the witnesses and medical providers were residents of Ohio, West Virginia or Allegheny County, Pennsylvania, the

court determined that trial in Philadelphia County was oppressive to defendant and transferred the case to Allegheny County. *Dulaney,* 715 A.2d at 1219.

Here, defendant has demonstrated unrebutted facts which may lead to a finding that plaintiffs' chosen forum is both oppressive and vexatious. First, trial in Erie County would provide easier access to the witnesses. Most of the witnesses, including the medical and rescue personnel, reside in Erie County. The two witnesses who are not residents of Erie County reside in the adjacent Crawford County. Further, a trial in Erie County would certainly be more convenient for viewing the scene of the accident.

Second, it appears that plaintiffs' chosen forum is vexatious. Trial in Allegheny County would be inconvenient even to the plaintiffs—travel from Erie County to the courthouse in Allegheny County is approximately a six-seven hour round trip. It further appears that plaintiffs' chosen forum is harassing to defendant. To defend this case, defendant will have to coordinate witnesses' travel to Allegheny County and deal with witnesses' problems of scheduling time out of their productive lives in the vicinity of Erie County.

Had this petition to change venue been filed shortly after the complaint was filed, the facts underlying this claim would have resulted in a transfer of venue from Allegheny County to Erie County "for the convenience of parties and witnesses." Pa.R.C.P. 1006(d).[1] However,

---

1. Although the *Cheeseman* court determined that the chosen forum's public or private concerns were not relevant factors in deciding whether to transfer venue, there is absolutely no reason that Allegheny County and its citizens should bear the burden and expense of this litigation.

the rubric changes when the petition to change venue is filed at this late stage. Plaintiff, who would not have been inconvenienced at all had venue been changed shortly after the complaint was filed, would now be greatly inconvenienced if venue were changed. Argument on defendant's motion for summary judgment is scheduled for February 15, 2000 and trial is scheduled for May 26, 2000. Plaintiffs, who have lost a loved one, have waited nearly two years to put this claim behind them. These plaintiffs should not be made to suffer the likely delay resulting from transferring this case to Erie County when the trial of their case here in Allegheny County is nearly upon us. Therefore, I am denying defendant's petition to transfer venue of this case to Erie County.

## ORDER

And now, February 7, 2000, it is hereby ordered that defendant's petition to transfer venue under doctrine of forum non conveniens is denied.