657 A.2d 1234

**Frank and Doris SCOLA, Appellants,**

**v.**

**AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock, Inc., Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Pittsburgh Corning Corpora-**

tion, H.K. Porter Company, Inc., T & N Plc. f/k/a Turner & Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc., a/k/a Crane Packing Company, Amchem Products, Inc., and Foster Wheeler Corporation, Appellees.

Alan SHANK, Jr., Appellant,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N Plc. f/k/a Turner & Newall, Ltd., Rock Wool Manufacturing Company, Celotex Corporation, Certainteed Corporation, Combustion Engineering, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock, Inc., Keene Corporation, National Gypsum Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc., a/k/a Crane Packing Company, Amchem Products, Inc., and Foster Wheeler Corporation, Appellees.

Dennis and Marie O'DONNELL, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock, Inc., Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Pittsburgh Corning Corporation, H.K. Porter Company, Inc., T & N Plc. f/k/a Turner & Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc., a/k/a Crane Packing Company, Amchem Products, Inc., and Foster Wheeler Corporation, Appellees.

John R. and Grace KENNEDY, Appellants,

v.

AC & S, INC., Anchor Packing Company, Armstrong World Industries, Inc., Carey–Canada, Inc., Celotex Corporation, Certainteed Corporation, Eagle–Picher Industries, Inc., Fibreboard Corporation, GAF Corporation, Garlock, Inc., Keene Corporation, National Gypsum Company, Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Pittsburgh Corning Corpora-

tion, H.K. Porter Company, Inc., T & N Plc. f/k/a Turner & Newall, Ltd., Raymark Industries, Inc., Rock Wool Manufacturing Company, Southern Textile Company, U.S. Mineral Products, John Crane Houdaille, Inc., a/k/a Crane Packing Company, Amchem Products, Inc., and Foster Wheeler Corporation, Appellees.

### Walter and Thelma E. CALDWELL, Appellants,

### v.

PACOR, INC., Eagle–Picher Industries, GAF Corporation, Keene Corporation, Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, J.P. Stevens Co., Garlock, Inc., Owens–Illinois Glass Company, Fibreboard Corporation and Forty–Eight Insulation, Inc., Appellees.

### Andrew J. HOLLOWAY, Appellant,

### v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Nosroc Corporation, C.E. Refractories, Flintkote Company, U.S. Gypsum Company, and National Gypsum Company, Appellees.

### George and Josephine KEITER, Appellants,

### v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Nosroc Corporation, C.E. Refractories, Flintkote, U.S. Gypsum Company, National Gypsum Company, Turner & Newall, Ltd., Bendix Brake Company, and Maremont Corporation, Appellees.

### Joseph and Mildred KITE, Appellants,

### v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Pacor, Inc., Eagle–Picher Industries, Inc., J.P. Stevens, Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Nicolet, Inc., Keene Corporation, Owens–Illinois Glass Compa-

ny, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Nosroc Corporation, C.E. Refractories, Combustion Engineering, Flintkote Company, Anchor Packing Company, Crane Packing, Hopeman Brothers, Inc., and Uniroyal, Inc., Appellees.

Alexander A. ZUKOWSKI, Appellant,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Nicolet, Inc., Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Pacor, Inc., and Brand Insulation, Appellees.

Paul and Hedwig MINISZAK, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Nicolet, Inc., Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Nosroc Corporation, C.E. Refractories, Flintkote Company, Anchor Packing Company, Crane Packing, and DAR Industrial Products, Appellees.

Thomas W. IMBURGIA, Appellant,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., J.P. Stevens Company, Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Nicolet, Inc., Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Pacor, Inc., Bendix Brake Company, C.E. Refractories, Combustion Engineering, and Uniroyal, Inc., Appellees.

Earl J. MITNAUL, Appellant,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., C.E. Refractories, U.S. Gypsum Company, National Gypsum Company, and Uniroyal, Inc., Appellees.

Jonathan and Louise DUKES, Appellants,

v.

RAYMARK INDUSTRIES, INC., Owens–Corning Fiberglas Corporation, Owens–Illinois, Inc., Celotex Corporation, Eagle–Picher Industries, Inc., Keene Corporation, Nicolet, Inc., Pittsburgh Corning Corporation, Armstrong World Industries, Inc., GAF Corporation, Fibreboard Corporation, Southern Textile Corporation, H.K. Porter Co., Inc., U.S. Gypsum Company, Pacor, Inc., Porter Hayden Company, Nosroc Corporation, Pfizer Inc., Foseco, Inc., Dresser Industries, Inc., Quigley Company, Inc., J.P. Stevens, Inc., Globe Refractories, Inc., C.E. Refractories, C.E. Minerals, Inc., A.P. Green Refractories Company, Combustion Engineering, Inc., and Turner & Newall, Ltd., Appellees.

James and Evelyn ENGLERT, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, U.S. Gypsum Company, National Gypsum Company, A.P. Green Refractories Company, and Carey Canadian Mines, Appellees.

Nettie BELL, Administratrix of the Estate of Bennie
Bell and in her own right, Appellant,

v.

BELL ASBESTOS MINES, LTD., Celotex Corporation, Brinco
Mining, Ltd., Lac D'Amiante Du Quebec, Turner & Newall,
Ltd., Carey Canadian Mines, Asbestos Corporation, Ltd., Nico-
let, Inc., and George A. Rowley & Co., Inc., Appellees.

William J. and Mary McDEVITT, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Pacor,
Inc., Eagle-Picher Industries, Inc., Garlock, Inc., Southern
Textile Company, Armstrong World Industries, Inc., Nicolet,
Inc., Keene Corporation, Owens-Illinois Glass Company, Celo-
tex Corporation, GAF Corporation, Fibreboard Corporation,
Owens-Corning Fiberglas Corporation, Pittsburgh Corning
Corporation, AC & S, Inc., Nosroc Corporation, C.E. Refracto-
ries, Flintkote Company, Anchor Packing Company, Crane
Packing, Hopeman Brothers, Inc., and Uniroyal, Inc., Appel-
lees.

Joseph L., Jr., and Lucy SPINA, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle-
Picher Industries, Inc., Garlock, Inc., Southern Textile Compa-
ny, Armstrong World Industries, Inc., Keene Corporation, Nico-
let, Inc., Owens-Illinois Glass Company, Celotex Corporation,
GAF Corporation, Fibreboard Corporation, Owens-Corning Fi-
berglas Corporation, Pittsburgh Corning Corporation, Nosroc
Corporation, U.S. Gypsum Company, National Gypsum Compa-
ny, Hopeman Brothers, Inc., and Turner & Newall, Ltd., Appel-
lees.

Alphonso GRASTY, Appellant,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle-
Picher Industries, Inc., Garlock, Inc., Southern Textile Compa-
ny, Armstrong World Industries, Inc., Keene Corporation, Nico-
let, Inc., Owens-Illinois Glass Company, Celotex Corporation,
GAF Corporation, Fibreboard Corporation, Owens-Corning Fi-
berglas Corporation, Pittsburgh Corning Corporation, AC & S,
Inc., Anchor Packing, Crane Packing, U.S. Gypsum Company,
National Gypsum Company, Turner & Newall, Ltd., Delaware
Insulation Co., Brand Insulations, Combustion Engineering,
and Foster Wheeler Corporation, Appellees.

Herman MEARS, Appellant,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–
Picher Industries, Inc., Garlock, Inc., Southern Textile Compa-
ny, Armstrong World Industries, Inc., Keene Corporation, Nico-
let, Inc., Owens–Illinois Glass Company, Celotex Corporation,
GAF Corporation, Fibreboard Corporation, Owens–Corning Fi-
berglas Corporation, Pittsburgh Corning Corporation, AC & S,
Inc., Nosroc Corporation, C.E. Refractories, Flintkote Compa-
ny, Anchor Packing, Crane Packing, Combustion Engineering,
Appellees.

George W. CUSTIS, Appellant,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Pacor,
Inc., Eagle–Picher Industries, Inc., J.P. Stevens Company, Gar-
lock, Inc., Southern Textile Company, Armstrong World Indus-
tries, Inc., Keene Corporation, Nicolet, Inc., Owens–Illinois
Glass Company, Celotex Corporation, GAF Corporation, Fibre-
board Corporation, Owens–Corning Fiberglas Corporation,
Pittsburgh Corning Corporation, AC & S, Inc., Nosroc Corpora-
tion, C.E. Refractories, Combustion Engineering, Flintkote Co.,
Anchor Packing, Crane Packing, Hopeman Brothers, Inc., and
Uniroyal, Inc., Appellees.

Henry and Mary KRUG, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Pacor,
Inc., Eagle–Picher Industries, Inc., Garlock, Inc., Southern
Textile Company, Armstrong World Industries, Inc., Keene
Corporation, Nicolet, Inc., Owens–Illinois Glass Company, Cel-
otex Corporation, GAF Corporation, Fibreboard Corporation,
Owens–Corning Fiberglas Corporation, Pittsburgh Corning
Corporation, AC & S, Inc., Nosroc Corporation, C.E. Refracto-
ries, Flintkote Co., Anchor Packing Company, Crane Packing,
Griffin Wheel Co., and Combustion Engineering Company,
Appellees.

Edith DINOIA, Executrix of the Estate
of Roxey Matteo, Appellant,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–
Picher Industries, Inc., Garlock, Inc., Southern Textile Compa-
ny, Armstrong World Industries, Inc., Keene Corporation, Nico-

let, Inc., Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Pacor, Inc., U.S. Gypsum Company, and National Gypsum Company, Appellees.

Albert M. and Evelyn CAPALDI, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Nicolet, Inc., Keene Corporation, Nicolet, Inc., Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Pacor, Inc., U.S. Gypsum Company, National Gypsum Company, Uniroyal, Inc., and Hopeman Brothers, Inc., Appellees.

William P. and Doris ELBERSON, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Keene Corporation, Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Pacor, Inc., U.S. Gypsum Company, National Gypsum Company, and Uniroyal, Inc., Appellees.

Joseph B. and Helen R. McGARVEY, Appellants,

v.

RAYMARK INDUSTRIES, INC., H.K. Porter Company, Eagle–Picher Industries, Inc., Garlock, Inc., Southern Textile Company, Armstrong World Industries, Inc., Keene Corporation, Nico-

let, Inc., Owens–Illinois Glass Company, Celotex Corporation, GAF Corporation, Fibreboard Corporation, Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, AC & S, Inc., Pacor, Inc., U.S. Gypsum Company, National Gypsum Company, Turner & Newall, Ltd., Flexitallic Gasket Company, Flintkote Company, and Amchem Products, Inc., Appellees.

Supreme Court of Pennsylvania.

Submitted Dec. 22, 1994.

Decided May 2, 1995.

Gregory N. Bunitsky, James T. Fitzgerald, Philadelphia, for appellants.

Patricia M. Nigro, Philadelphia, for Owens–Illinois, Inc.

Arthur Makadon, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, for Raymark Industries, Inc.

Richard A. Curtis, White and Williams, Philadelphia, for H.K. Porter Co., Southern Textile Co., Porter Hayden Co., George A. Rowley & Co., Inc.

G. Daniel Bruch, Swartz, Campbell & Detweiler, Philadelphia, for Pacor, Inc. and Eagle–Picher Industries, Inc.

Barbara Pennell, Thompson & Pennell, Philadelphia, for J.P. Stevens Co.

Fredric L. Goldfein, Goldfein & Joseph, Philadelphia, for Garlock, Inc., Bell Asbestos Mines, Ltd., Asbestos Corp., Ltd.

Edward Wilbraham, Wilbraham, Lawler & Buba, Philadelphia, for Armstrong World Industries, Inc., NOSROC Corp., GAF Corp., Turner & Newall, Ltd., Nat. Gypsum Co., U.S. Gypsum Co., Maremont Corp., A.P. Green Refractories Co., Pfizer, Inc., Quigley Co., Flexitallic Gasket Co.

Walter Meeley, Bennett, Bricklin & Saltzburg, Philadelphia, for Nicolet, Inc.

Nathan A. Schachtman, Patricia Nigro, McCarter & English, Cherry Hill, NJ, for Keene Corp. and Owens–Illinois Glass Co.

Bruce H. Bikin, Montgomery, McCracken, Walker, Philadelphia, for Celotex Corp., Carey Canadian Mines.

Andrew J. Trevelise, Reed Smith Shaw & McClay, Philadelphia, for Fibreboard Corp. and Pittsburgh–Corning Corp.

Christopher Santoro, Catherine Jasons, John Patrick Kelley, Kelley, Jasons, McGuire & Spinelli, Philadelphia, for Owens–Corning Fiberglas Corp.

J. Michael Johnson, Gollatz, Griffin, Ewing and McCarthy, Media, for ACandS, Inc.

William O'Brien, Callahan, Delany & O'Brien, Philadelphia, for C.E. Refractory, Combustion Engineering, C.E. Minerals, Inc. and Globe Refractories, Inc.

William A. Jones, Sherr, Joffe & Zuckerman, W. Conshohocken, for Flintkote Co.

Patrick T. Ryan, Robert Dell'Osa, Drinker, Biddle & Reath, Philadelphia, for Crane Packing and Brinco Min. Ltd.

Andre L. Dennis, Stradley, Ronon, Stevens & Young, Philadelphia, for Hopeman Bros., Inc., Griffin Wheel Co.

Alan Klein, Cohen, Shapiro, Polisher, Shiekman and Cohen, Philadelphia, for Uniroyal, Inc.

Lise Luborsky, Britt, Hankins, Schaible & Moughan, Philadelphia, for DAR Indus. Products.

Edward W. Madeira, Pepper, Hamilton & Scheetz, Philadelphia, for Lac D'Amiante Du Quebec.

G. Wayne Renneisen, Harvey, Pennington, Herting & Renneisen, Philadelphia, for Bendix Brake Co.

Norman L. Haase, Dunn, Haase, Sullivan, Mallon, Cherner & Broadt, Media, for Foseco, Inc. and Brand Insulations.

Jeffrey L. Pettit, Phillips & Phelan, Philadelphia, for Dresser Industries, Inc.

Steward C. Crawford, Media, for Delaware Insulation Co.

Vincent Reilly, Marks, O'Neill, Reilly and O'Brien, Philadelphia, for Foster Wheeler Corp., Anchor Packing.

Raymond W. Cobb, Palmer, Beizup & Henderson, Philadelphia, for Anchor Packing Co.

Patrick Riley, Riley & DiFalice, P.C., Pittsburgh, for Owens–Corning Fiberglas.

Stephen J. Imbriglia, Hecker, Brown, Sherry & Johnson, Philadelphia, for U.S. Mineral Products.

Jonathon Wheeler, Wheeler & Bishop, Philadelphia, for Rock Wool Mfg. Co.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

## OPINION

NIX, Chief Justice.

We granted allowance of appeal and consolidated these twenty-five asbestos-related personal injury cases in order to review the rulings of the Court of Common Pleas of Philadelphia County which transferred these cases to neighboring

counties based on the doctrine of *forum non conveniens*. In 1991, the trial court, faced with an extremely congested backlog of asbestos cases, announced that it would conduct status conferences to determine whether any such cases filed between 1986 and 1991 were subject to transfer based on venue. The asbestos bar was notified that an omnibus motion to transfer venue on cases filed during 1986 and 1987 would be heard. Prior to this motion hearing, the trial court ordered Appellants to submit information sheets summarizing the residence and location of asbestos exposure for each plaintiff.

At the omnibus motion hearing, Appellees orally petitioned [1] to transfer the cases which are the subject of this appeal. The

1. In order to cope with the overwhelming number of asbestos-related cases that have been filed in the county, the Court of Common Pleas of Philadelphia County has adopted special procedural rules which dispense with many of the formalities of motion practice. The new procedures are as follows:

1. Motions will be presented orally after the Call of the List every Monday before Judge Sandra Mazer Moss.

2. The motion should be in letter format rather than motion package format. The facts, issues and pertinent case law should be briefly outlined.

3. There is no longer any formal filing with Motion Court. The moving party must present the original letter motion to the Prothonotary for time stamping. The appropriate fee must be paid for *all* motions.

4. The stamped original including a proposed order should be sent or delivered to Susan Jaffe Sarner, Law Clerk to Judge Moss, 1266 Wanamaker Building, 100 Penn Square East, 19107 *at the latest, one week prior to the Call of the List when argument is desired.*

5. The opponent and all other parties must also receive a copy at least one week before argument.

6. The respondent must answer in letter format by the Thursday preceding argument day at 4:30 P.M. The answer should be sent or delivered directly to Ms. Sarner, 1266 Wanamaker Building. No fee need be paid for a response.

7. The opponent and all interested parties must also receive a copy of the answer.

8. On Motion Day, parties will be allotted a reasonable time for oral arguments after which Judge Moss will rule from the Bench. The moving party will receive a copy of the signed Order and the Court will docket the original.

9. The winner must promptly serve copies of the signed Order to all parties.

10. In complex matters, upon petition and answer, the Court will allow the formal motion procedure.

trial court considered the information contained in the summaries provided by Appellants as well as the arguments put forth by the respective parties. Several months thereafter, the court issued several orders transferring the cases at issue to other counties based upon the doctrine of *forum non conveniens.* The court issued an opinion which set forth the basis upon which the decision to transfer each case was made. *Caldwell v. Raymark,* No. 8710–4324 (C.P. Philadelphia County Oct. 6, 1992).

Appellants filed timely appeals in the Superior Court which affirmed the trial court's transfer of the instant cases based on *forum non conveniens.* The Superior Court issued two separate opinions, each addressing the claims of a specific appellant. *McGarvey v. Raymark Industries, Inc.,* No. 314 Philadelphia 1992 (Pa.Super. Dec. 29, 1993); *Fitzgerald v. AC & S, Inc.,* No. 602 Philadelphia 1992 (Pa.Super. Dec. 16, 1993). Although the merits of the remaining cases were not addressed, the court affirmed the orders transferring these cases, indicating only that the transfers were proper. *McGarvey* at 8; *Fitzgerald* at 12.

On appeal before this Court, Appellants raise several allegations of error concerning the procedures used by the trial court in transferring their cases. Appellants first claim that the omnibus motion utilized by the court had the effect of placing on them the burden of justifying Philadelphia as their choice of forum based on residence or location of asbestos exposure. They further argue that there was no showing that trial in Philadelphia would be oppressive or vexatious to Appellees, or that there were insufficient contacts with Philadelphia to justify a transfer under the Pennsylvania Rules of Civil Procedure.

A change of venue based on *forum non conveniens* is addressed in Rule 1006(d)(1) of the Pennsylvania Rules of Civil Procedure: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the

*Caldwell v. Raymark,* No. 8710–4324, Exhibit A (C.P. Philadelphia County Oct. 6, 1992).

action could originally have been brought." Appellants contend that the trial court's omnibus motion procedure limited the relevant factors to be considered in transferring a case based on *forum non conveniens*. They further claim that Appellees failed to present evidence concerning the location of witnesses or documentary evidence which would demonstrate that Philadelphia was an inconvenient forum.

 While we are not persuaded by Appellants' assertion that they were prejudiced by the oral petitioning process at the omnibus motion hearing, we do find merit to the claim that the trial court failed to accord sufficient deference to Appellants' choice of forum. In *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989), we stated that

> [o]ur Rules of Civil Procedure provide a plaintiff with options as to where to bring suit, and this Court has emphatically stated that the choice of forum by a plaintiff is entitled to weighty consideration. . . . [A plaintiff] should not be deprived of the advantages presumed to come from [his or her original] choice
>
>> "unless the defendant *clearly adduces* facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience . . . or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors' *[but] unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.*"
>
> Thus, the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration *on the record* of the claimed hardships.

*Id.* at 517–18, 556 A.2d at 831–32 (citations and footnote omitted).

Our review of the record fails to disclose any evidence offered by Appellees that trial in Philadelphia County would prove oppressive or vexatious. In addition to the large backlog of asbestos cases, it appears that the only factors consid-

ered by the trial court were the Appellees' residences and locations of asbestos exposure when it ordered the cases transferred to other counties. Although these factors are relevant to a change of venue determination, *Okkerse* clearly requires a showing by a defendant that he or she would be unduly burdened if the trial were to take place in the plaintiff's original choice of forum. The record is devoid of any evidence that Appellants would suffer such a hardship.

■ While a court must consider the public interest of avoiding court congestion in its decision to transfer a case, it must also give due deference to the plaintiff's choice of forum. We recognize the substantial progress that the Court of Common Pleas of Philadelphia County has made in clearing the backlog of asbestos cases from the docket. However, we are constrained to conclude in this instance that the court has abused its discretion in ordering transfers where there has been no showing on the record by Appellees as to how trial in Philadelphia County would prove oppressive or vexatious. In its opinion accompanying the transfer orders, the trial court stated: "We thoroughly reviewed each plaintiffs' [sic] residency, employment and exposure. These factors weighed heavily in our reasoning and addressed the parties' interests, convenience, witness location and sources of proof." *Caldwell v. Raymark*, No. 8710–4324, slip op. at 9 (C.P. Philadelphia County Oct. 6, 1992) (footnote omitted). This analysis fails to articulate a specific basis upon which we may conclude that Appellees have demonstrated that trial in another county would provide easier access to witnesses or other sources of proof. Additionally, we are unable to find any evidence in the record that would allow us to independently reach this conclusion.

Accordingly, the Orders of the Superior Court are reversed and the cases remanded to the Court of Common Pleas for further proceedings consistent with this opinion.

MONTEMURO, J., who is sitting by designation, did not participate in the consideration or decision of this case.