## Mundy v. Lake Mountain Co.

*Marc Rosenberg,* for plaintiffs.
*Hugh Emory,* for defendants.

PAPALINI, *J.,* November 23, 2001—Plaintiffs Eileen Mundy and Kenneth Mundy have filed an appeal of our order of July 13, 2001, granting defendants' petition to transfer venue to Carbon County, Pennsylvania.

## I. FACTUAL HISTORY

(1) On May 18, 2000, plaintiffs filed a complaint against defendants in the Court of Common Pleas of

Philadelphia County, alleging that on February 19, 1999, plaintiff Eileen Mundy was a business invitee at "Big Boulder" and Jack Frost Mountain in The Poconos, Carbon County, Pennsylvania. On that date, plaintiff was attempting to snowtube down a snowtubing chute, when one of defendants' employees forcefully and negligently pushed her down the mountain, causing her snowtube to career out of control and into a tree. She suffered serious bodily injuries.

(2) The defendants filed preliminary objections contesting jurisdiction in Philadelphia County. After discovery was taken establishing that the defendants did business in Philadelphia, Judge Quiñones Alejandro overruled the preliminary objections on November 10, 2000.

(3) On April 4, 2001, defendants filed a petition to transfer venue to Carbon County on the basis of forum non conveniens.

(4) After reviewing the petition and plaintiffs' answer thereto, on July 13, 2001, we granted the petition, and ordered the case transferred to Carbon County.

(5) Plaintiffs filed a motion for reconsideration. On July 30, 2001, we amended our order of July 13, 2001, to provide that the costs of transfer should be borne by defendant, but otherwise denied reconsideration.

(6) Plaintiffs filed a timely appeal.

## II. DISCUSSION

We granted defendants' motion to transfer venue on the basis of forum non conveniens.

Pa.R.C.P. 1006(d)(1) provides:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

We acknowledge that the plaintiffs' choice of forum was required to be given great deference by us. *Scola v. AC & S Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995).

Moreover, the defendants had the burden of proving its challenge to the selected forum. *Walker v. Ohio River Company,* 416 Pa. 149, 205 A.2d 43 (1964); *Shears v. Rigley,* 424 Pa. Super. 559, 623 A.2d 821 (1993).

A transfer of venue was appropriate if defendants proved that the forum selected by plaintiffs, Philadelphia, was oppressive or vexatious to them. *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997).

In the case at bar we considered the following factors:

(1) Plaintiffs are residents of Valley Stream, New York, near Long Island, which is located over 100 miles from Philadelphia.

(2) All of the defendants have their offices in Carbon County.

(3) The courthouse for Carbon County is in Jim Thorpe, which is 20 miles from the Big Boulder ski area, and the commute takes approximately 30 minutes.

(4) Philadelphia is approximately 100 miles from the ski area and the travel time, including Center City parking, is approximately five times longer, assuming no untoward morning delays on the Pennsylvania Turnpike (of which there are, in fact, many).

(5) The accident occurred in Carbon County.

(6) Plaintiff signed a "Snowtubing release from liability" in Carbon County. In that release she agreed "that all disputes arising under this contract and/or from [their] use of the facilities at Big Boulder ski area or Jack Frost ski area, shall be litigated exclusively in the Court of Common Pleas of Carbon County. . . ."

(7) In *Churchill Corp. v. Third Century Inc.,* 396 Pa. Super. 314, 321-22, 578 A.2d 532, 536 (1990), the court said:

"A Pennsylvania court should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. . . . An agreement is unreasonable where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue its cause of action."

(8) Except for the testimony of plaintiff, evidence, written and testimonial, regarding the release and the circumstances under which it was signed, and whether it was "freely agreed," are in or about Carbon County.

(9) Only two potential witnesses live in the Philadelphia area: two of four members of the Big Boulder ski patrol who attended to plaintiff at the scene and transported her to the hospital, live in West Chester, PA.

(10) Plaintiff was initially treated at Geisinger Medical Center, located near Wilkes-Barre, PA.

(11) Plaintiff received no medical treatment thereafter in or near Philadelphia, PA.

(12) Plaintiff has alleged not just passive negligence but an active tort on the part of an unidentified employee of the defendants.

(13) Big Boulder has identified 22 employees who were working the tubing hill on the date in question, and a supervisor, all who may be called as witnesses. All reside in the vicinity of Big Boulder; none reside in Philadelphia or any surrounding county.

(14) Those employees would have to miss excessive periods from work if they had to travel to Philadelphia for the trial. They could be on-call to come to the courthouse in Jim Thorpe.

(15) All written reports and documents are in Carbon County.

(16) A view of the premises may be required.

We also found that plaintiffs offered no evidence that Philadelphia County would be a more convenient forum for anyone but their attorney. We concluded that trial in Philadelphia would be oppressive and vexatious to the defendants.

Accordingly, we properly granted defendants' motion for a change of venue on the grounds of forum non conveniens and transferred the case to Carbon County.