## Morey's Pier, Inc. v. Jones

*Robert W. Stanko, Mary C. Doherty* and *Thomas P. Wagner,* for appellants

*James E. Beasley, Jr.* and *Jeffrey M. Reiff,* for appellees

RIZZO, *J.,* January 18, 2013—The appellants, Morey's Pier, Inc., Morey's Attractions, LLC., and the Morey Organization, LLC., appeal from this court's order of June 29, 2012, docketing date of July 3, 2012, that was entered on the appellants' motion to dismiss for forum non conveniens.

## PROCEDURAL HISTORY

Appellees Tawanda and Bryon Jones, administrators of the estate of Abiah Jones, commenced this action in Philadelphia County against the appellants via the filing of a complaint on July 7, 2011. Counsel for appellees filed acceptance of service notifications with the court on July 15, 2011, service having been accepted by appellants on July 7, 2011. Appellants filed preliminary objections as to lack of jurisdiction and to improper venue on July 28, 2011. Discovery on the issues of venue and jurisdiction was granted by this court on August 24, 2011. The court overruled appellants' preliminary objections on January 17, 2012. Appellants filed a motion to amend the court's order of January 27, 2012 to certify the order for Interlocutory appeal on the issue of venue on February 16, 2012. In turn, on March 5, 2012, appellants filed a motion to dismiss for forum non conveniens. The Superior Court denied the appellants' petition for review on June 12, 2012. On June 21, 2012, this court mooted the appellants'

motion to amend the court's order of January 27, 2012 for interloctutory appeal in response to the Superior Court's denial of appellants' petition for review.

On July 3, 2012, this court denied appellants' motion to dismiss for forum non conveniens. Appellants filed a motion to amend the court's order of July 3, 2012 on July 30, 2012. This court held oral argument on said motion on September 6, 2012 and denied appellants' motion to amend the court's order of July 3, 2012 on September 7, 2012. On October 10, 2012, this court granted the unopposed motion for extraordinary relief filed by appellants to place said matter on a complex track, which revised the case management order and extended discovery deadlines and related trial deadlines. The Superior Court accepted the appellants' petition for review on November 19, 2012 and ordered that said appeal would proceed forward as an appeal from this court's order dated June 29, 2012, docketed July 3, 2012.

## FACTS

On June 3, 2011, the decedent, Abiah Jones, a minor, was on a school trip at an amusement park, which is owned and operated by appellants, in Wildwood, New Jersey. She was a passenger on the "Giant Wheel" amusement park ride when she fell from the ride and sustained injuries that resulted in her untimely death at the scene of the incident. Appellees Tawanda and Byron Jones, parents to the decedent, serve as administrators of her estate.

## ISSUES ON APPEAL

The matter complained of on appeal is summarized below:

The trial court committed an error of law in denying the appellants' motion to dismiss for forum non conveniens.

## LEGAL DISCUSSION

### I. THE TRIAL COURT CORRECTLY DENIED APPELLANTS' MOTION TO DISMISS FOR FORUM NON CONVENIENS.

A plaintiff's choice of jurisdiction should not be disturbed absent "weighty reasons." *Jessop v. ACF Indus., LLC*, 859 A.2d 801, 803 (Pa. Super. Ct. 2004). Under the doctrine of forum non conveniens, a court may dismiss a matter when "in the interest of substantial justice the matter should be heard in another forum." 42 Pa. Cons. Stat. Ann. § 5322(e). A court's decision of whether to dismiss a case under that doctrine may not be reversed absent an abuse of discretion. *Farley v. McDonnell Douglas Truck Services, Inc.,* 638 A.2d 1027, 1030 (1994). The decision to dismiss a case is based upon two factors: "(1) a plaintiff's choice of the place of the suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff." *Wright v. Aventis Pasteur, Inc.,* 905 A.2d 544, 548 (Pa. Super. Ct. 2006) citing *Jessop,* 859 A.2d at 803. The "weighty reasons" include both private and public elements. *Wright,* 905 A.2d at 548. The private elements to consider are:

> the relative ease of access to sources of proof; availability of compulsory process for attendance for unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all

other practical problems that make trial of a case easy, expeditious and inexpensive.

*Farley*, 638 A.2d at 1030 (Pa. Super. Ct. 1994) *citing Plum v. Tampax, Inc.,* 399 Pa. 553, 561, 160 A.2d 549, 553 (1960).

The public elements to consider are:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.*

In the instant case, after venue and jurisdiction were found to be proper in Philadelphia County, appellants argued that the case should be dismissed so that it may be filed in New Jersey under the doctrine of forum non conveniens. Appellants' main argument, offered at oral argument on September 6, 2012, is that key witnesses will not be available if the case is heard in Philadelphia due to the lack of subpoena power. Appellants also argue that if the case is heard in Philadelphia, jurors will not be able to visit the scene of the incident and that Philadelphia residents have no relation to the case. In their response, Appellees presented compelling arguments addressing each of these factors. After balancing the realities of this

case, both the specific private and public factors heavily weigh in favor of denying appellant's motion to dismiss and keeping the case in Philadelphia.

Most of appellants' argument relies on the availability of certain witnesses for trial, specifically the first responders and the police officers. None of these witnesses, however, actually witnessed the incident. The police officers' investigation consisted of taking statements from other witnesses. The first responders never saw the decedent alive. Appellants also argue that they may need to interview school employees who were at the amusement park with the decedent. If the case remains in Philadelphia, appellants are unsure if they would be able to bring in the employees as witnesses. Appellees respond that the availability of these witnesses is not an issue because they have shown willingness to avail themselves for trial purposes.

Philadelphia is also a more convenient forum for the other witnesses. The only two witnesses who saw the incident occur, ride attendents Andrew Eberhardy and Mina Samaan, do not live in New Jersey or Pennsylvania but rather in Wisconsin and Indiana, respectively. If they were to testify, they would be required to fly into Philadelphia International Airport no matter whether the trial was held in Philadelphia County or in Cape May County. The expert witness for appellees will be flying into Philadelphia International Airport as well from California. Officials from the Department of Community Affairs, who inspected the Great Wheel ride, are located in Trenton, New Jersey, which is much closer to Philadelphia than to Cape May. In fact, the Enforcement Supervisor of the Department, Michael

Triplett, advised appellees' investigator that conducting a deposition in Philadelphia would be easier than in Cape May. The medical examiner involved in the case has written an affidavit stating that it would be much easier for him to come to Philadelphia. Finally, Philadelphia is also more convenient for the father and grandmother of the decedent, who both live in the city. Neither have a car, so both must rely on either public transportation or hired cars.

Appellants also argue that jurisdiction in Cape May would allow for the jury to visit the scene of the incident. However, jury views are "seldom necessary." *Johns v. First Union Corp,* 777 A.2d 489, 492 (Pa. Super. Ct. 2001). The Superior Court has also noted that they are "rarely conducted." *Walls v. Phoenix Ins. Co.* 979 A.2d 847, 852 (Pa. Super. Ct. 2009). Photographs and video can allow the jury to understand the scene. A site visit just to see the "Great Wheel" may not be necessary in this case.

An analysis of the relevant public elements also demonstrates that the instant case should remain in Philadelphia. Though appellants argue to the contrary, Philadelphia citizens do have a great interest in this case. Appellees have compiled a voluminous record showing that appellants place significant amounts of advertising in Philadelphia and Pennsylvania each year. Appellants also receive revenue from the many Philadelphia citizens who visit each summer. (See exhibits A-UU attached to plaintiff's answer in opposition to preliminary objections filed on August 15, 2011.) In *Wright v. Aventis Pasteur, Inc.*, the court found that Philadelphia citizens did have an interest in a case involving seven Texas pharmaceutical companies that marketed their products in Philadelphia.

905 A.2d at 551. The same case also determined that, even though the Pennsylvania court would be required to follow Texas law, there was no basis "to conclude that the law determined to be applicable [was] beyond the ken of a Philadelphia trial judge." *Id.* In the instant case, there are no difficult conflict of laws questions. A trial judge of this court is more than qualified to follow applicable New Jersey law.

Based upon a review of both the private and public elements, the motion to dismiss for forum non conveniens was correctly denied, and the case properly slated to remain in Philadelphia.

### CONCLUSION

Based on the aforementioned, the trial court did not err in denying the motion of appellees to dismiss the case for forum non conveniens.