**Seymore COOPER, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued June 13, 2000.

Filed Oct. 13, 2000.

---

Frank S. Pollock, Philadelphia, for appellant.

Jonathan F. Ball, Philadelphia, for appellee.

BEFORE: HUDOCK, STEVENS, JJ., and CIRILLO, President Judge Emeritus

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Philadelphia County granting Nationwide Mutual Insurance Company's (Nationwide) petition to transfer venue of the underlying bad faith action from Philadelphia County to Pike County on the basis of forum *non conveniens*. We reverse and remand for proceedings consistent with this decision.

¶ 2 The relevant facts and procedural history are as follows: Seymour Cooper purchased an automobile insurance policy from Nationwide, which provided for two hundred fifty thousand dollars ($250,-000.00) in uninsured/underinsured motorist benefits and income loss benefits of one thousand dollars ($1,00.00) per month, with a cap of five thousand dollars ($5,000.00). While covered under the policy, on July 22, 1988, Seymour Cooper was involved in a

motor vehicle accident, as a result of which he suffered serious and permanent injury. Cooper sued the other driver involved in the accident and, with Nationwide's consent, Cooper ultimately settled the action in February of 1992 for fifteen thousand dollars ($15,000.00), the policy limits of the other driver's applicable insurance coverage.

¶ 3 Maintaining that he sustained injuries not adequately compensated by his recovery under the other driver's policy, Cooper sought to recover underinsured motorist benefits under his automobile insurance policy with Nationwide. Nationwide denied the request, and, after contesting the forum for arbitration, the matter proceeded to arbitration in Pike County, the county in which Cooper resided when he purchased the policy at issue from Nationwide. The Board of Arbitrators awarded Cooper one hundred forty-five thousand dollars ($145,000.00), but then reduced the award by fifteen thousand dollars ($15,000.00), the amount Cooper had recovered from the other driver's insurance company. Nationwide then tendered a draft in the amount of one hundred thirty thousand dollars ($130,000.00), the net arbitration award; however, Cooper refused to execute a release of his underinsured motorist benefits in exchange for the payment. Since Nationwide would not give Cooper the $130,000.00 unless he executed a release, Cooper filed the underlying bad faith claim in the Court of Common Pleas of Philadelphia County on May 12, 1998.

¶ 4 On June 2, 1998, Nationwide filed preliminary objections, which were granted in part and denied in part, and, on November 3, 1998, Nationwide filed an answer and new matter.[1] On July 7, 1999, Nationwide filed a petition to transfer the action from Philadelphia County to Luzerne County under the doctrine of forum

---

1. Count five of Cooper's complaint, which alleged violations of the Insurance Practice

Act, 40 P.S. § 1171.5(a)(10), was dismissed.

*non conveniens,* and Cooper filed a reply opposing the transfer. Oral argument was held on September 15, 1999, following which the trial court ordered that the matter be transferred from Philadelphia County to Pike County.[2] Cooper filed this timely appeal alleging that the Court of Common Pleas of Philadelphia County erred in transferring the case to Pike County.[3]

A trial judge has great discretion in reviewing petitions to change venue based upon forum *non conveniens* ; on appeal, the [S]uperior [C]ourt must determine whether the trial judge abused that discretion. In order to demonstrate that the trial court has abused its discretion, 'an appellant must show that in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will.'

In *Cheeseman v. Lethal Exterminator, Inc.,* 549 Pa. 200, 701 A.2d 156 (1997), [the] [S]upreme [C]ourt clarified the appropriate standard that a defendant must meet to successfully transfer venue of a case. In sum, 'a petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.' Thus:

The defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county wold provide easier access to witnesses or other sources of proof, or the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

*Hoose v. Jefferson Home Health Care, Inc.,* 754 A.2d 1, 3 (Pa.Super.2000) (citations and quotations omitted).

■ ¶ 5 In its petition to transfer venue, Nationwide alleged that the case should be transferred from Philadelphia County for the following reasons:[4] (1) With the exception of Cooper's counsel residing in Philadelphia County, none of the parties, witnesses, activities, events, or transactions occurred/reside in Philadelphia County; (2) Trial of the matter in another county would provide easier access to Nationwide's employees/claims attorneys who handled the claim at issue in Wilkes–Barre, Pennsylvania;[5] (3) The claim at issue was denied by Nationwide's Wilkes–Barre, Pennsylvania office; and (4) Nationwide's claims attorneys all reside in or near Wilkes–Barre, which is approximately a three hour drive from Philadelphia County, but is only approximately forty-five minutes from Pike County.

¶ 6 During oral argument on the matter, and in his reply in opposition to Nationwide's petition to transfer, Cooper alleged

**2.** In its petition to transfer, Nationwide sought to transfer the case to Luzerne County. However, during oral argument on the matter, Nationwide indicated that it would accept transfer to Luzerne County, Monroe County, or Pike County.

**3.** We note Pa.R.A.P. 311(c) provides that "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in a matter on the basis of forum non conveniens or analogous principles."

**4.** Nationwide does not dispute that it maintains an office and conducts business in Philadelphia County, and, therefore, Philadelphia County could properly exercise jurisdiction over this matter. *See* Pa.R.C.P. 2179.

**5.** Wilkes–Barre is located in Luzerne County.

the following: (1) The underlying bad faith claim at issue is based, in part, on Nationwide subjecting Cooper to two days of depositions in New Jersey, which is near Philadelphia County; (2) Cooper's attorneys all reside in or near Philadelphia County; (3) The medical witnesses, who Cooper intends to call during trial, all reside in or near Philadelphia County; (4) Cooper's vocational expert, who intends to testify concerning Cooper's lost wages, resides/works in Philadelphia County and would not travel to Pike County for the arbitration hearing; and (5) Cooper's medical treatment, relating to the underlying automobile accident, occurred in Philadelphia County, and the accident occurred in Pennsauken, New Jersey. .

¶ 7 Based on all of the aforementioned, the trial court concluded that trial in Philadelphia County would be vexatious and oppressive to Nationwide, and, therefore, transferred the matter to Pike County, which the trial court believed would provide easier access to witnesses and other sources of proof.[6] We conclude that Nationwide did not meet its burden of proving that Philadelphia County was "oppressive and vexatious," and, therefore, we find that the trial court abused its discretion in transferring this matter to Pike County.

¶ 8 Recently, in *Hoose*, 754 A.2d at 3, this Court specifically held that "claims by a defendant that 'no significant aspect of a case involves the chosen forum, and that litigating in another forum would be more convenient' is not the type of record evidence that proves litigating the case in the chosen forum is 'oppressive or vexatious.'" (quotation omitted). As such, Nationwide's contentions that venue should be transferred because "no activities, events, or transactions occurred in Philadelphia County," and because "the claim at issue was denied by Nationwide's Wilkes–Barre office" are meritless.

¶ 9 Moreover, contrary to Nationwide's contention, certain events and activities re-

lating to the underlying automobile accident did occur in Philadelphia County. Specifically, the record reveals that Cooper was treated medically in Philadelphia County and that all of Cooper's medical providers reside/work in Philadelphia County. *See Hoose, supra.* In addition, the record reveals that the automobile accident occurred in Pennsauken, New Jersey, which is closer to Philadelphia County than it is to Pike County. *See Johnson v. Henkels & McCoy, Inc.*, 707 A.2d 237 (Pa.Super.1997) (holding that defendant did not prove that transfer was proper under doctrine of forum *non conveniens* ). As Cooper indicates, Nationwide's processing of Cooper's claim regarding the automobile accident is the underlying incident supporting Cooper's bad faith action.

¶ 10 Additionally, we find Nationwide's argument that the matter should be transferred because the employees/claims attorneys who handled Cooper's insurance claim reside in or near Wilkes–Barre, Pennsylvania, which is closer to Pike County than Philadelphia County, to be meritless. In its petition to transfer venue, Nationwide stated that:

> To require Nationwide's claims technical managers and claims attorneys to travel significant distances outside of their area of responsibility to testify in litigation initiated in Philadelphia County will affect their ability to perform their duties which include monitoring and assisting claims adjusters with the handling of motorists' claims. This in turn, would affect the operations of Nationwide.

¶ 11 Nationwide attached affidavits from three claims attorneys, Bernard M. Billick, Esquire, Christopher Decker, Esquire, and Carl Steinbrener, Esquire, to its petition to transfer. Attorney Billick swore that travelling to Philadelphia County would be a hardship because he would find it difficult to handle his clients' files due to excess travelling and that his duties as

---

6. We note that Nationwide does not contend that Cooper filed his complaint in Philadel-

phia County in order to harass Nationwide.

President of the Monroe County Bar Association would "make it somewhat difficult to take a considerable amount of time off to travel." Both Attorneys Decker and Steinbrener swore that travelling to Philadelphia would be a hardship because there would be "no coverage for [their] clients."

¶ 12 In *Hoose, supra,* this Court held that "it is the oppressiveness suffered by the witnesses, not their patients or clients, that must be demonstrated on the record to succeed in transferring venue of [a] case." Here, the claims attorneys essentially swore in their affidavits that their clients would suffer if the attorneys must travel to Philadelphia. Under *Hoose,* such hardship does not support transferal of venue.[7]

¶ 13 Moreover, although in the petition to transfer Nationwide stated that the claims adjusters' duties and the operations of Nationwide will be affected if the litigation is held in Philadelphia, Nationwide failed to indicate precisely how the duties/operations will be affected. As such, Nationwide has failed to meet its burden of proving that litigation in Philadelphia County would be oppressive or vexatious. *See Hoose, supra* (holding that the defendant must provide detailed information on the record as to why the plaintiff's chosen forum is oppressive or vexatious). While this Court does not doubt that litigating this case in Philadelphia County will be inconvenient for Nationwide, mere inconvenience is insufficient to transfer venue from Cooper's chosen forum. *See Cheeseman, supra* ; *Hoose, supra.*

¶ 14 Order reversed. Case remanded to Philadelphia Court of Common Pleas. Jurisdiction Relinquished.

---

7. As indicated previously, Attorney Billick swore in his affidavit that his duties as President of the Monroe County Bar Association would "make it somewhat difficult to take a considerable amount of time off to travel." Nationwide never elaborated on this point, and, therefore, we find that such a general statement does not arise to the level of oppression or vexation contemplated for transferal of venue.