**Shala v. Ryan**

C.P. of Lackawanna County, no. 98-CV-4049.

*John L. Jenkins* and *Carl J. Poveromo,* for plaintiffs.
*Allan H. Starr,* for defendants Ryan, Harrison and Hahn.
*Mark T. Perry,* for defendants Adukaitis and Curry.
*David J. Felicio,* for defendants Geisinger Medical Center and Penn State Geisinger Clinic.

NEALON, *J.,* June 15, 2001—Three of the Geisinger physician defendants in this medical malpractice case have presented a petition to transfer venue from Lackawanna County to Montour County based upon the doctrine of forum non conveniens. Since the petitioners have not met their *Cheeseman* burden of demonstrating that the plaintiffs' chosen forum is oppressive or vexatious to the defendants, the request to transfer this action to Montour County pursuant to Pa.R.C.P. 1006(d)(1) will be denied.

## I. FACTUAL BACKGROUND

Plaintiffs, Patrick F. Shala and Maureen Shala, commenced this wrongful death and survival action on August 25, 1998, against two Schuylkill County pediatricians, Bernard C. Adukaitis D.O. and Thomas A. Curry

M.D., t/d/b/a Penn State Geisinger Pediatrics (formerly Schuylkill Pediatrics), and three Montour County physicians, Michael E. Ryan D.O., Reid Harrison M.D. and Thomas Hahn M.D., who were affiliated with the Geisinger and Penn State Geisinger medical centers and health systems, (referred to collectively as "Geisinger,") which are also named as defendants. The Shalas, who are residents of Schuylkill County, maintain that their 8-year-old daughter, Megan, was treated by Dr. Adukaitis and Dr. Curry at their Schuylkill County clinics between July 10, 1996 and August 27, 1996, at which time they misdiagnosed Megan's candidal pneumonia and sepsis as infectious mononucleosis. The Shalas further contend that Dr. Adukaitis and Dr. Curry referred Megan Shala to Geisinger in Danville where Drs. Ryan, Harrison and Hahn mistakenly treated her for juvenile rheumatoid arthritis and a urinary tract infection on August 9, 1996, and August 23, 1996. As a result of the defendants' alleged failure to timely recognize and treat Megan Shala's true medical condition, she died on August 28, 1996, from acute hemorrhagic candidal pneumonia and sepsis, hemorrhagic gastris with ulceration and candida colonization, hepatic steatosis and acute renal failure which were attributable to an underlying autoimmune disease. (See plaintiffs' amended complaint, ¶¶23-44.)

After defendants' preliminary objections to the original and amended complaints were ultimately resolved, (see docket entry nos. 31, 37-38, 41, 45-46), a scheduling conference was conducted before Judge Trish Corbett on January 5, 2001, at which time various deadlines were imposed for the completion of discovery and exchange of expert reports. (*Id.,* no. 50.) On January 12, 2001, new

132

defense counsel entered their appearance on behalf of Dr. Ryan, Dr. Harrison and Dr. Hahn. (*Id.,* nos. 51-52.) Several weeks later, Dr. Adukaitis and Dr. Curry filed a petition to have this matter listed as a protracted case pursuant to Lacka. Cty. R.C.P. 214.5, and on February 1, 2001, this action was designated as a protracted case. (*Id.,* nos. 53-54.)

By notice dated February 7, 2001, the court administrator assigned this protracted case to the undersigned and scheduled a case management conference for March 30, 2001. At the conclusion of that conference, an order was entered scheduling this matter for trial on March 11, 2002, and establishing new deadlines for the completion of discovery and the filing of motions. On that same date, Drs. Ryan, Harrison and Hahn, filed the instant petition to transfer venue to Montour County under Pa.R.C.P. 1006(d)(1). (*Id.,* nos. 61-63.)

The petitioners have presented the affidavits of Dr. Ryan and Dr. Hahn in support of their contention that venue should be transferred to Montour County for the convenience of the parties and witnesses.[1] In their affidavits, Dr. Ryan and Dr. Hahn attest that they reside and practice medicine in Montour County and provided treatment to the decedent in that county only. Drs. Ryan and Hahn posit that they will be unable to fulfill their professional and administrative obligations with regard to pa-

---

1. Dr. Harrison was a resident in training at Geisinger at the time he treated Megan Shala and reportedly is no longer associated with Geisinger. (See defendants' memorandum of law in support of petition to transfer venue, p. 2 n.1.) Dr. Harrison has not produced an affidavit indicating whether it would be more burdensome for him to litigate this case in Lackawanna County as opposed to Montour County.

tient care and education of residents if this matter is tried in Lackawanna County, but may partially attend to those responsibilities during trial recesses if this case is litigated in Montour County. (See petition to transfer venue, exhibits B and C, ¶¶3-9.) Dr. Ryan and Dr. Hahn further assert that "trial in Montour County could provide far easier access to evidence" since "the medical records, witnesses, policies, procedures and other evidence integral to [their] defense in this case are all located in Montour County." (*Id.,* ¶10.) Although the petitioners do not identify those pivotal witnesses by name or the hardship presented to them by testifying in Lackawanna County, Drs. Ryan and Hahn submit that "conducting this trial in Lackawanna County would cause extreme hardship for [them], [their] patients, . . . colleagues and . . . medical residents with whom [they] work." (*Id.,* ¶12.)

The Shalas counter that Drs. Ryan, Harrison and Hahn have not met the heightened burden of proof articulated in *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997), to successfully transfer venue under Rule 1006(d)(1). The Shalas note that all of the relevant records and documents are portable such that they would be as accessible in a Lackawanna County courtroom as they would be in Montour County. Additionally, the Shalas' "counsel has agreed to travel to Montour County, Schuylkill County or any other county that any specific defendant may elect for any depositions, any other discovery matter or any other pretrial matters that could take place outside of Lackawanna County." (See plaintiffs' memorandum of law in opposition, pp. 8-9.) Last, inasmuch as this case is scheduled to commence trial in less than nine months, the Shalas maintain that

they will be unduly prejudiced if the Montour County defendants' petition is granted and a new and conceivably later trial date subsequently established by the transferee forum. Following the parties' submission of their memoranda of law and the completion of oral argument on June 1, 2001, this matter became ripe for disposition.

## II. DISCUSSION

### (A) *Standard of Review*

A trial court has considerable discretion in deciding whether to transfer venue based on forum non conveniens, and absent an abuse of discretion, its decision will not be disturbed on appeal. *Kummer v. St. Joseph Regional Health Network,* 2001 WL 614888, *1, ¶5 (Pa. Super. 2001); *Cooper v. Nationwide Mutual Insurance Co.,* 761 A.2d 162, 164 (Pa. Super. 2000). An abuse of discretion occurs when the judge misapplies the law or exercises judgment in a manner that is manifestly unreasonable or the result of bias, prejudice or ill will. *Hoose v. Jefferson Home Health Care Inc.,* 754 A.2d 1, 3 (Pa. Super. 2000); *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239 (Pa. Super. 1997). If the trial court does not hold the defendant to the proper burden, it commits the equivalent of an abuse of discretion. *Kummer, supra* at ¶5; *Johns v. First Union Corp.,* 777 A.2d 489, 491 (Pa. Super. 2001).

### (B) *Forum Non Conveniens Standard*

Pursuant to Pa.R.C.P. 2179(a)(2), a civil action may be brought against a corporation or similar entity in any

county where it regularly conducts business. Since Geisinger maintains several medical facilities and clinics within Lackawanna County, see *Osterholzer v. Penn State Geisinger Clinic,* 100 Lacka. Jur. 89, 90 n.1 (1998), venue is appropriate in this forum with regard to Geisinger. Moreover, Pa.R.C.P. 1006(c) provides that "[a]n action to enforce a joint or joint and several liability against two or more defendants, . . . may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules [governing venue]." Hence, by virtue of Geisinger's business activities in Lackawanna County, venue in this case is technically proper as to all defendants in this jurisdiction.

Nevertheless, Pa.R.C.P. 1006(d)(1) states that "[f]or the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." A plaintiff's choice of forum "is given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue." *Kummer, supra* at ¶5. For that reason, the Supreme Court of Pennsylvania has reminded the lower courts "that the plaintiff's choice of forum should rarely be disturbed by the grant of a Rule 1006(d)(1) petition." *Cheeseman, supra* at 212, 701 A.2d at 162. Rather, a petition to transfer venue should be granted only if the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant. *Cheeseman, supra* at 213, 701 A.2d at 162; *Johns, supra* at ¶5.

In *Cheeseman,* "the Supreme Court of Pennsylvania cited with approval its earlier holding in *Scola [v. AC&S Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995)], clarified its potentially misleading dicta in *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989), and reaffirmed that *Scola* had reversed *German v. AC&S Inc.,* 430 Pa. Super. 497, 635 A.2d 159 (1993), *rev'd,* 540 Pa. 353, 657 A.2d 1234 (1995), and overruled *Incollingo v. McCarron,* 416 Pa. Super. 419, 611 A.2d 287 (1992)." *Osterholzer,* 100 Lacka. Jur. at 92. In the process, the *Cheeseman* court "set a stringent standard which parties seeking transfer of venue on the basis of forum non conveniens must meet," *Kummer, supra* at ¶7, and held: "the defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. [citation omitted] Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him." *Cheeseman, supra* (reversing the transfer of litigation from Philadelphia County to Bucks County even though all of the parties, fact witnesses and treating physicians resided in Bucks County and none of the tortious acts occurred in Philadelphia County).

Under the *Cheeseman* analysis, allegations by a defendant that no significant aspect of the case involves

the chosen forum and that it would be more convenient to litigate the action in another jurisdiction are not sufficient to establish that the selected forum is "oppressive or vexatious." *Cooper,* 761 A.2d at l65; *Hoose,* 754 A.2d at 4. Therefore, the trial court should not afford any weight to the fact that the plaintiff is a nonresident of the forum [s]he has chosen since "the issue of residency is irrelevant" to a petition to transfer venue. *Cheeseman, supra* at 212 n.6, 701 A.2d at 162 n.6. Nor may a court consider its own "private and public interest factors," such as docket congestion and convenience to the court since "[t]he convenience to the court is not mentioned in Rule 1006(d)(1) and is not an appropriate consideration for a Rule 1006(d)(1) inquiry."[2] *Id.* at 212, 701 A.2d at 161; *Johnson,* 707 A.2d at 239.

In the wake of *Cheeseman,* the Superior Court has vacated several lower court holdings by concluding that the petitioners failed to demonstrate the level of oppressiveness necessary to warrant a transfer of venue. See *e.g., Cooper,* 761 A.2d at 166 (finding that trial court erred in transferring venue from Philadelphia County to Pike County and noting that "[w]hile this court does not doubt that litigating this case in Philadelphia County will be inconvenient for [defendant], mere inconvenience is insufficient to transfer venue from [plaintiff's] chosen

---

2. Based upon its clarification of the forum non conveniens standard in *Cheeseman,* the Supreme Court reversed a series of decisions in which the trial courts had transferred venue under Rule 1006(d)(1) and directed that those rulings be reconsidered in accordance with the revised criteria. See *Johnson,* 707 A.2d at 241 (Cirillo, P.J.E., concurring and dissenting) (collecting and citing 21 remanded cases); *Osterholzer,* 100 Lacka. Jur. at 93 n.2 (collecting and citing five additional remanded cases).

forum."); *Hoose,* 754 A.2d at 5 (holding that lower court improperly transferred venue from Philadelphia County to Delaware County where the defendants resided and maintained their principal offices, the plaintiff had been treated, and his medical records were located and remarking that "we stress that there is a vast difference between a finding of inconvenience and one of oppressiveness"). In fact, there is only one reported case in which an appellate court has upheld a transfer of venue based upon the *Cheeseman* standard. See *Dulaney v. Consolidated Rail Corp.,* 715 A.2d 1217, 1218-19 (Pa. Super. 1998) (court did not abuse its discretion in transferring action from Philadelphia County to Allegheny County since the accident occurred in Ohio, the plaintiff, his medical providers and all of the witnesses resided in Ohio, West Virginia or western Pennsylvania, and the plaintiff worked out of defendant's Allegheny County office).

Although Drs. Ryan and Hahn do not contend that the Shalas' choice of forum was designed to harass them, they do advance several arguments why Lackawanna County should be regarded as a vexatious situs for this trial. First, the petitioners assert "that there is no nexus to Lackawanna County in this case" such that "[t]he citizens of Lackawanna County have no interest in the present litigation" whereas, in contrast, "the citizens of Montour County have a strong public interest in litigating this case in Montour County" since the medical care at issue occurred there. (See defendants' memorandum of law in support, p. 5.) However, the Supreme Court has previously held that "[c]laims by the defendant in its petition that no significant aspect of the case involves the chosen forum . . . do not amount to a showing that

the chosen forum is oppressive or vexatious." *Cheeseman, supra* at 214, 701 A.2d at 162. Compare *Kummer, supra* at ¶3 (Eakin, J., dissenting) ("[t]he more attenuated the nexus between venue and relevant happenings, the more inherent the vexatiousness."). Thus, the fact that Lackawanna County does not have any connection with, or interest in, this case does not justify a transfer of venue.

Second, Dr. Ryan and Dr. Hahn aver that "they will have to travel extensively to get to the [Lackawanna County] courthouse" which will compromise their ability to perform their professional duties which, in turn, will result in extreme hardship for their patients, medical residents and colleagues. Although the petitioners do not quantify the "great distance" that they will be forced to travel, (see defendants' memorandum of law in support, p. 5), internet resources reflect that it will take approximately one hour, 24 minutes for the Geisinger defendants to travel 74.6 miles to the Lackawanna County Courthouse while the Schuylkill County parties will be able to complete the same trip in one hour, 20 minutes. (See *www.MapQuest.com; www.Expedia.com.*) Unlike the defendants and witnesses in *Dulaney, supra,* Drs. Ryan and Hahn will not be required to travel more than 300 miles from one corner of the state (Allegheny County) to the other (Philadelphia County) in order to attend trial. Rather, their commute will be comparable to the 64 mile distance from Berks County to Philadelphia County which was found not to be oppressive in *Kummer.*

Moreover, if this action is transferred to Montour County, it will actually increase the Schuylkill County parties' commute, albeit marginally, to one hour, 23 min-

utes since the Schuylkill County to Lackawanna County trip involves the use of interstate highways, while the Schuylkill County to Montour County excursion does not. (*Id.*) Additionally, with respect to the purported burden imposed upon the petitioners' patients and residents by a Lackawanna County trial, the Superior Court has previously held that "it is the oppressiveness suffered by the witnesses, not their patients or clients, that must be demonstrated on the record to succeed in transferring venue of this case." *Hoose,* 754 A.2d at 4. Accord, *Cooper,* 761 A.2d at 166.

As to the Geisinger physicians' claims that a trial in Montour County will provide easier access to witnesses and other sources of proof, the petitioners have failed to identify those putative witnesses by name, nor have they described the proffered testimony to be provided by those witnesses. It is incumbent upon the party seeking a transfer of venue to "clearly specify the key witnesses to be called and [to] make a general statement of what their testimony will cover." *Petty v. Suburban General Hosp.,* 363 Pa. Super. 277, 285, 525 A.2d 1230, 1234 (1987). In *Johnson, supra,* the Superior Court concluded that a change of venue was not appropriate since the petitioners "did not provide the trial court with the names of any witnesses who would suffer hardship should trial continue in Philadelphia, nor any affidavits from these alleged witnesses attesting to that fact." *Johnson,* 707 A.2d at 240. Accord *Kummer, supra* at ¶7. Furthermore, the Shalas' counsel has agreed to conduct depositions and discovery in Montour and Schuylkill Counties, thereby mitigating any pretrial inconvenience to the defendants.

Literally translated, the Latin phrase "forum non conveniens" means "inconvenient forum." See *Kinney System Inc. v. Continental Insurance Co.,* 674 So.2d 86, 88 n.1 (Fla. 1996). However, in the post-*Cheeseman* era, only the most extreme instances of inconvenience will warrant the transfer of venue under Rule 1006(d)(1). The petitioners simply have not satisfied their burden of demonstrating, with detailed information on the record, that the Shalas' choice of forum is oppressive or vexatious to the defendants. The trial of this case in Lackawanna County will also ensure that the litigants will be provided with prospective jurors who have no familiarity or association with the parties in this case. See *Osterholzer,* 100 Lacka. Jur. at 93-94 (noting "that Geisinger is the single largest employer in the proposed transferee forum, Montour County" and concluding that a trial in Lackawanna County will "obviate any possible compromise of [plaintiffs'] ability to fairly and effectively challenge Geisinger, its administration, policies and institutional conduct"). Consequently, the petition to transfer venue from Lackawanna County to Montour County will be denied.[3]

---

3. Even if the petitioners had produced more compelling evidence of inconvenience and hardship, their belated request to change venue would nevertheless be denied since the trial date is less than nine months away and a transfer of venue at this late stage could result in delay and prejudice to the litigants. See *Graham v. Laidlaw Transit Inc.,* 44 D.&C.4th 493, 498 (Allegheny Cty. 2000) (although defendant demonstrated that plaintiff's chosen forum was oppressive, a motion to transfer venue, which was filed six months before the scheduled trial date, was denied on the grounds that "[t]hese plaintiffs should not be made to suffer the likely delay resulting from transferring this case to Erie County when the trial of their case here in Allegheny County is nearly upon us.").

## ORDER

And now, June 15, 2001, upon consideration of the "petition to transfer venue pursuant to Pa.R.C.P. 1006(d)(1) of defendants, Michael E. Ryan D.O., Reid Harrison M.D. and Thomas Hahn M.D.," the memoranda of law submitted by the parties, and the oral argument of counsel on June 1, 2001, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that the petition of defendants, Michael E. Ryan D.O., Reid Harrison M.D. and Thomas Hahn M.D., to transfer venue from Lackawanna County to Montour County is denied.