Alexander BRATIC and Joseph Proko, Appellants

v.

Charles W. RUBENDALL, II, and Keefer, Wood, Allen, & Rahal, LLP, and Residential Warranty Corp. of Pennsylvania, and Integrity Underwriters, Inc., Appellees.

Superior Court of Pennsylvania.

Argued October 12, 2011.
Filed April 23, 2012.

Joseph R. Podraza, Philadelphia, for appellants.

Jeffrey R. Lerman, Philadelphia, for Rubendall, appellee.

Lloyd G. Parry, Philadelphia, for Residential Warranty, appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E., MUSMANNO, BENDER, GANTMAN, PANELLA, ALLEN, LAZARUS, and MUNDY, JJ.

OPINION BY MUNDY, J.:

Appellants, Alexander Bratic and Joseph Proko, appeal from the order entered July 9, 2009 granting Appellees' petition to transfer the case to Dauphin County on the grounds of *forum non conveniens* pursuant to Pa.R.C.P. 1006(d)(1). We reverse and remand for further proceedings.

The pertinent factual and procedural background, as gleaned from the certified record, follows. On February 23, 2009, in the Court of Common Pleas of Philadelphia County, Appellants filed a complaint against Appellees, Charles W. Rubendall, II, Esq. (Rubendall), Keefer, Wood, Allen & Rahal, LLP (the Keefer Firm), Residential Warranty Corporation of Pennsylvania (Residential), and Integrity Underwriters, Inc. (Integrity). Appellants' complaint alleged causes of action sounding in wrongful use of civil proceedings and abuse of process. On April 17, 2009, Appellees filed preliminary objections challenging venue in Philadelphia County as improper. Appellants filed an amended complaint on April 29, 2009, whereupon Appellees renewed their preliminary objections challenging venue in Philadelphia County. In addition, on May 20, 2009, Appellees alternatively filed a petition for transfer of venue on the grounds of *forum non conveniens*. On July 9, 2009, the trial court granted Appellees' alternative petition and

ordered venue transferred to Dauphin County on the basis of *forum non conveniens*.[1] Thereafter, Appellants filed a timely notice of appeal.[2] Pursuant to Pa. R.A.P. 1925(a), on October 13, 2009, the trial court filed an opinion in support of its order transferring venue to Dauphin County.[3]

On January 14, 2011, a panel of this Court affirmed the trial court, with one member of the panel dissenting. In reaching this decision, the majority held the trial court did not abuse its discretion in determining that Appellees met their burden to show that Appellants' choice of venue was vexatious and oppressive. The dissent contended that the trial court abused its discretion in applying the law to the facts in this case and that Appellees failed to meet the heavy burden imposed on a party challenging venue on the basis of *forum non conveniens*. On January 28, 2011, Appellants filed an application for reargument *en banc*, which this Court granted on March 21, 2011.

On appeal, Appellants raise the following question for our review.

Did the trial court abuse its discretion and/or misapply the law when it transferred the instant matter from Philadelphia County to Dauphin County based on forum *non conveniens*, despite the

fact that [Appellees'] general, unspecified allegations of inconvenience for witnesses who probably will not testify at trial failed to meet the heavy burden of providing detailed information of record that [Appellants'] choice of venue was oppressive or vexatious to [Appellees]?

Appellants' Brief at 5.

■■■■ In an appeal from an order transferring venue on the basis of *forum non conveniens*, our standard of review is "whether the trial court committed an abuse of discretion." *Catagnus v. Allstate Ins. Co.*, 864 A.2d 1259, 1263 (Pa.Super.2004).

If there exists any proper basis for the trial court's decision to transfer venue [pursuant to Rule 1006(d)(1) ], the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.

*Zappala v. Brandolini Property Management*, 589 Pa. 516, 909 A.2d 1272, 1284 (2006) (citations omitted). "[A] trial court's failure to hold the defendant to the proper burden constitutes an abuse of discretion." *Catagnus, supra* at 1264.

---

1. The trial court did not explicitly rule on Appellees' preliminary objections challenging the factual and legal basis of Philadelphia County as the venue site for this litigation. *See Wilson v. Levine*, 963 A.2d 479, 483–485 (Pa.Super.2008) (discussing the substantive and procedural distinctions between a challenge to venue as improper under Pa. R.C.P. 1006(e) and a challenge to venue based upon *forum non conveniens* under Pa. R.C.P. 1006(d)(1)). However, by considering Appellees' alternate petition for change of venue on the basis of *forum non conveniens*, the trial court implicitly recognized that there is a factual and legal basis to conclude Philadelphia is a proper venue. *See id.* at 484 (stating, "if the case is not transferred pursuant to

a Rule 1006(e) preliminary objection successfully challenging the propriety of venue, it is presumptively 'proper' thereafter. Nevertheless, a transfer *via forum non conveniens* is still available").

2. The appeal is proper under Pa.R.A.P. 311(c), which provides, "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue ... on the basis of forum *non conveniens*."

3. The trial court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

The issue of whether to transfer venue between counties within Pennsylvania on the ground of *forum non conveniens* is governed by Pa.R.Civ.P. 1006(d)(1), which states as follows. "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.Civ.P. 1006(d)(1). Our Supreme Court has carefully outlined the relative burdens and the relevant considerations to be weighed by a trial court when entertaining a petition under Rule 1006(d)(1).

> [T]he plaintiff's choice of forum should rarely be disturbed by the grant of a Rule 1006(d)(1) petition. We cannot overemphasize ...: a trial court, even if congested, **must give deference to the plaintiff's choice of forum in ruling on a petition to transfer venue.**
>
> . . .
>
> [A] petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.
>
> Thus, ... the defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. **But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.**

*Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156, 162 (1997) (citations and footnotes omitted) (emphasis added); *see also Walls v. Phoenix Ins. Co.,* 979 A.2d 847 (Pa.Super.2009); *Hunter v. Shire US, Inc.,* 992 A.2d 891, 896–897 (Pa.Super.2010).

In the instant matter, the trial court found as follows.

> In the present case, the facts of the record establish that continuing this action in Philadelphia County is both vexatious and oppressive. The earlier claim, upon which the present Complaint is in regard to, took place in Dauphin County. All [Appellees] are from Dauphin County. None of the [Appellants] are from Philadelphia County. The main legal question the [trial c]ourt is faced with is one of "probable cause" for which there are eight key witnesses. All eight of these witnesses are in Dauphin County. All eight of these witnesses are engaged in business activities which make their ability to appear at trial in Philadelphia County far more of a burden than a trial in Dauphin County. The sole connection with Philadelphia County is the fact that all [Appellees] occasionally conduct business in Philadelphia.
>
> Trying this case in Dauphin County would provide better access to all potential witnesses and other sources of proof such as court documents from the prior Dauphin County action. Accordingly, the facts of record clearly establish that [Appellants'] choice of forum is vexatious and oppressive to [Appellees] and venue must be changed.

Trial Court Opinion, 10/13/09, at 3–4.

Initially, we note that the trial court, while not indicating the weight it has given to the several factors enumerated above, has considered some factors we have pre-

viously held were of little or no relevance to a moving party's burden in a petition based on *forum non conveniens* under Rule 1006(d)(1). Specifically, the trial court articulated concern that "none of the [Appellants] are from Philadelphia County." *Id.* This Court has made clear that this consideration is irrelevant to a claim of *forum non conveniens*.

Thus, the law is clear that the burden, which is a significant one, is on the defendant to demonstrate "with detailed information" that the plaintiff chose her forum with designs to "harass the defendant," and that a defendant cannot satisfy that burden by a showing of mere inconvenience. Moreover, since the burden is at all times on the defendant, the plaintiff's putative inconvenience is of minor relevance. *Cheeseman*, *[supra]* at 162 n. 6 (The fact that the plaintiff is not a resident of the chosen forum is irrelevant to a forum *non conveniens* determination); *Catagnus*, *[supra* at 1264] ("The location and convenience of the plaintiff's witnesses is generally immaterial to the central question of whether the forum is oppressive to the defendant.").

*Walls, supra* at 851–852.

■■■ The trial court also relied on the fact that "[t]he earlier claim, upon which the present Complaint is in regard to, took place in Dauphin County," and "[t]he sole connection with Philadelphia County is the fact that all [Appellees] occasionally con-

duct business in Philadelphia." Trial Court Opinion, 10/13/09, at 3–4.

> Claims by a defendant that no significant aspect of a case involves the chosen forum, and that another forum would be more convenient, are not the type of record evidence that proves that litigating the case in the chosen forum is oppressive or vexatious. There is a **vast** difference between a finding of inconvenience and one of oppressiveness.

*Borger v. Murphy*, 797 A.2d 309, 312 (Pa.Super.2002) (citations omitted; emphasis added), *appeal denied*, 570 Pa. 680, 808 A.2d 568 (2002). Further, it is a "salient point that the mere fact that the site of the precipitating event was outside of plaintiff's choice of forum is not dispositive." *See Walls, supra* at 852.

The remainder of the trial court's reasoning centers on Appellees' assertion that it has eight witnesses, all residing in Dauphin County, who would encounter hardships if they had to travel to Philadelphia to testify.[4] In support of this contention, Appellees merely assert "each [witness] is located in Dauphin County, over 100 miles from any trial that would be conducted in Philadelphia County, and each of whom is actively engaged in business activities rendering their ability to appear at any trial in Philadelphia, far more of a burden, and far more uncertain, than for a trial in Harrisburg." Defendants' Petition to Transfer Venue on the Grounds of *Forum*

---

4. The parties devoted much of their argument before the trial court and on appeal to the issue of whether testimony from proffered witnesses was necessary and admissible. *See Wilson v. Levine, supra* at 488 (holding trial court record was not sufficient to show, *inter alia*, that defendant's listed witnesses, who resided at a distance from the plaintiff's selected forum, were relevant to the core issue in the case and consequently defendant did not sustain her burden to show the selected forum was oppressive). Instantly, the trial court did not explain the basis for its characterization of all of Appellees' witnesses as "key" to the issue of probable cause. *See* Trial Court Opinion, 10/13/09, at 3–4. However, because we hold Appellees have not met their burden to show that Appellants' choice of venue was oppressive or vexatious to them, even if all eight witnesses are in fact "key," we need not address this issue and will assume *arguendo* that the witnesses' testimony is admissible, relevant, noncumulative, and necessary.

*Non Conveniens,* 5/20/09, at 3–4, ¶ 8; Certified Record (C.R.) at 9. To support this conclusion, Appellees provided affidavits from seven of the witnesses. Six of the affidavits contain identical language relative to the burden a trial in Philadelphia would have on the affiant/witness.

> 6. For such travel, I would have to incur substantial costs for fuel, tolls and, if traveling overnight, for lodging and meals.
>
> 7. For every day of deposition or trial in Philadelphia, I would be forced to take at least one full day away from my duties as [ (each respective position and employer inserted here) ].
>
> 8. Consequently, it would be both disruptive and a personal financial hardship if I should be called to testify at deposition or trial in Philadelphia County.

*Id.* at Exhibits E, F, H–K.[5]

We note that four of the witnesses are officers or employees of the named corporate Appellees.[6] As such, their position is analogous to that considered in *Walls.* The defendant/petitioner in that case argued that hardship would result from the necessity of a defense witness (a professional claims adjuster) to travel from Monroe County to Philadelphia County to testify. The *Walls* defendant advanced the same factors mentioned in the instant affidavits. Therein, we held the following.

However, [the defense witness] is not a hapless citizen being hauled into court, but is a professional insurance claims adjuster who will surely be fully compensated by his client, in an amount that includes related expenses. True it is that this compensation will ultimately be borne by appellee, but such costs strikes this Court as a normal expense of a party to litigation.

*Walls, supra* at 853.

In addition, as noted in *Walls,* such costs must be viewed in relation to litigation costs of attorneys employed in the initial forum. Here, Appellees' respective counsel of record all are based in Philadelphia.

Moreover, the reliance of appellee upon the incremental expense of an appearance of an adjuster at trial ignores the corollary effect that by transferring this case to Monroe County, appellee would actually be faced with the significantly greater defense expense of the compensation of Philadelphia defense counsel to travel to, and/or stay in, Monroe County for the duration of the trial. Thus, there is no basis upon which to find that appellant's choice of forum would constitute harassment, or prove vexatious or oppressive to the defendant.

*Id.*

The remaining four witnesses, with current or former connection to Appellees, are engaged in client-based professions.[7]

---

5. The remaining affidavit of Appellee Rubendall included the same general averments as the other affidavits and additionally noted the need for him to attend the trial for the whole of its probable duration. The affidavit posited that a trial in Dauphin County would allow him to conduct business before and after the hours he would be required to be in court. Defendants' Petition to Transfer Venue on the Grounds of *Forum Non Conveniens,* 5/20/09, at Exhibit G.

6. The witnesses are Richard Swartz, Corporate counsel for Residential; Robert Yesela-vage, Treasurer and Operations Manager for Integrity; George Parmer, President of Residential and Integrity; and William Gregory, Jr., Systems Manager for Integrity.

7. The witnesses are Charles Rubendall, II, an attorney and a named Appellee; Ronald Katzman, Esquire, an Harrisburg attorney and counsel for William Gregory; Ronald Stratimis, owner and operator of RJS Consulting; and Charles E. Talmadge, Marketing Representative for Millers Capital Insurance Co.

With respect to the impact upon the practices of client-based professions, we have held the relevant inquiry is what impact participation imposes upon the witness, not his or her clients. *Cooper v. Nationwide Mutual Insurance Company*, 761 A.2d 162 (Pa.Super.2000). Finally, with respect to the purported impact that the participation of the witnesses will have on the operations of their own businesses or on the Appellee employers, the lack of specificity as to how the witnesses' participation will affect such business and what that effect will be fails to satisfy Appellees' burden in this case. The averments and affidavits supplied by Appellees are similar to those we reviewed in *Cooper, supra,* wherein we held the following.

> Moreover, although in the petition to transfer Nationwide stated that the claims adjusters' duties and the operations of Nationwide will be affected if the litigation is held in Philadelphia, Nationwide failed to indicate precisely how the duties/operations will be affected. As such, Nationwide has failed to meet its burden of proving that litigation in Philadelphia County would be oppressive or vexatious. *See [Hoose v. Jefferson Home Health Care, Inc.*, 754 A.2d 1 (Pa.Super.2000)] (holding that the defendant must provide detailed information on the record as to why the plaintiff's chosen forum is oppressive or vexatious). While this Court does not doubt that litigating this case in Philadelphia County will be inconvenient for Nationwide, mere inconvenience is insufficient to transfer venue from Cooper's chosen forum.

*Id.* at 166. As in *Cooper,* the affidavits here merely aver conclusory statements that participation in Philadelphia would be "disruptive" without explanation as to why that is the case.

Additionally, without elaboration, Appellees include the onus of the witnesses' participation in possible depositions prior to trial as additional support for their claim that venue in Philadelphia is oppressive. Even had Appellees sustained their burden in this regard with adequate specificity, we note that the trial court has additional measures short of a change of venue to mitigate any such impact. *See* Pa.R.C.P. 4012 (authorizing the trial court, upon application, to impose conditions upon discovery including time and place).

Because the trial court relied on factors irrelevant to a consideration of *forum non conveniens,* and because our review of the entire record reveals that Appellees have not offered particularized averments sufficient to satisfy their burden as required by *Cheeseman* and its progeny, we conclude that the trial court erred in granting Appellees' petition. Accordingly, we reverse the July 9, 2009 order granting Appellees' petition for transfer of venue on the basis of *forum non conveniens* and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge GANTMAN files a Dissenting Opinion in which Judge BENDER and Judge ALLEN join.

DISSENTING OPINION BY GANTMAN, J.:

I respectfully disagree with the majority's disposition because I believe it creates an excessively high burden for defendants seeking to obtain a transfer on *forum non conveniens* grounds. The majority's decision to discount allegations of hardship when alleged by (1) employee-witnesses of a corporate defendant and (2) defense witnesses who are engaged in "client-based" professions has the effect of making a *forum non conveniens* transfer practically unattainable in many cases. Based on my

reading of this Court's post-*Cheeseman* decisions, I conclude Appellees met their burden, with sufficiently detailed information, to show Philadelphia County was an oppressive forum, and therefore, affirm the trial court's order transferring the case to Dauphin County on *forum non conveniens* grounds.

Preliminary, I stress our standard of review—abuse of discretion. *Catagnus v. Allstate Ins. Co.*, 864 A.2d 1259, 1263 (Pa.Super.2004). An abuse of discretion occurs when the court overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or ill-will. *Zappala v. Brandolini Property Management, Inc.*, 589 Pa. 516, 536, 909 A.2d 1272, 1284 (2006). If there is any basis for the trial court's decision, its ruling must stand. *Id.* A plaintiff's choice of forum is given great weight, but it is not absolute or unassailable. *Jackson v. Laidlaw Transit Inc. & Laidlaw Transit PA, Inc.*, 822 A.2d 56, 57 (Pa.Super.2003).

I agree a party seeking a transfer pursuant to Rule 1006(d) has the burden of showing the plaintiff's chosen forum is oppressive or vexatious to the defendant. *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 213, 701 A.2d 156, 162 (1997) (emphasis added). A defendant may meet its burden by showing either: (1) the plaintiff's choice of forum was designed to harass the defendant; or (2) "trial in another county would provide easier access to witnesses or other sources of proof. . . ." *Id.* Any proof of oppression or vexation must be supported by "detailed information on the record." *Id. Cheeseman* and Rule 1006(d) "do not require any particular form of proof. All that is required is that the moving party present a sufficient factual basis for the petition." *Wood v. E.I. du Pont de Nemours and Co.*, 829

A.2d 707, 714 (Pa.Super.2003) (*en banc*), *appeal denied*, 580 Pa. 699, 860 A.2d 124 (2004).

The site of the precipitating event might not be dispositive, but it is relevant. *Walls v. Phoenix Ins. Co.*, 979 A.2d 847, 852 (Pa.Super.2009). My review of this Court's *forum non conveniens* decisions reveals the relevance of this factor depends in part on the respective counties involved. *Raymond v. Park Terrace Apartments, Inc.*, 882 A.2d 518, 521 (Pa.Super.2005), *appeal denied*, 585 Pa. 689, 887 A.2d 1241 (2005). When the case involves a transfer from Philadelphia to its adjacent or immediately surrounding counties, courts generally decline to place much weight on claims that all significant aspects of the case occurred outside the chosen forum. *See Hunter v. Shire US, Inc.*, 992 A.2d 891, 897 (Pa.Super.2010) (affirming trial court's order denying transfer from Philadelphia to Chester County because defendant had not met burden of oppressiveness and noting "Chester and Philadelphia Counties are adjacent to each other and are readily accessible in a short amount of travel time"); *Zappala v. James Lewis Group*, 982 A.2d 512 (Pa.Super.2009) (reversing transfer from Philadelphia to Chester County and rejecting defendant's claim that travel from Chester County to Philadelphia is oppressive); *Catagnus, supra* at 1266 (holding decision to transfer case from Philadelphia to Bucks County was error, and observing travel between Philadelphia and Bucks County is not particularly burdensome); *Johns v. First Union Corp.*, 777 A.2d 489, 491–92 (Pa.Super.2001) (concluding court improperly transferred case from Philadelphia to Bucks County and commenting on close distance between Philadelphia and Bucks County); *Hoose v. Jefferson Home Health Care, Inc.*, 754 A.2d 1, 4 (Pa.Super.2000), *appeal denied*, 564 Pa. 734, 766 A.2d 1249 (2001) (reversing order transferring case

from Philadelphia to Delaware County and recognizing ease of travel between Philadelphia and its suburban counties). These cases recognize the reality that travel "from Delaware, Bucks, Montgomery, or Chester County to Philadelphia is not particularly onerous," and therefore, litigation in the plaintiff's chosen forum (Philadelphia) is minimally burdensome to the defendant. *Raymond, supra* at 521.

On the other hand, when the case involves a transfer from Philadelphia to a more distant county, the site of the precipitating event and the burdens imposed in traveling to the plaintiff's chosen forum become more significant to a court's analysis. *Wood, supra* at 709 (affirming transfer from Philadelphia to Bradford County; observing Bradford County Courthouse is two miles from accident whereas Philadelphia County court is one-hundred and ninety miles away); *Borger v. Murphy,* 797 A.2d 309, 313–14 (Pa.Super.2002), *appeal denied,* 570 Pa. 680, 808 A.2d 568 (2002) (holding court properly transferred case from Philadelphia to Lehigh County; "commute to Philadelphia County would take an hour and a half, compared to the twenty minutes for a trip to the courthouse in Lehigh County"); *Dulaney v. Consolidated Rail Corp.,* 715 A.2d 1217 (Pa.Super.1998) (affirming transfer from Philadelphia to Allegheny County where all witnesses and relevant sources of proof were more conveniently located in Allegheny County and travel to Philadelphia would be significant burden to defense witnesses). In these cases, factors such as the burden of travel, time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant due to the greater distances between the precipitating event and the chosen forum. *See Wood, supra.* Nevertheless, there is no hard and fast geographical rule as to when transfer is

appropriate; courts must consider the totality of the circumstances in determining whether to transfer a case pursuant to Rule 1006(d). *See Walls, supra* (reversing transfer of case from Philadelphia to Monroe County where defendant did not offer sufficient proof that trial in Philadelphia would be oppressive); *Mateu v. Stout,* 819 A.2d 563, 567 (Pa.Super.2003) (affirming transfer from Philadelphia to Delaware County where all facts showed trial in Delaware County would provide easier access to witnesses and sources of proof).

Here, it is undisputed that all facts giving rise to the current litigation occurred in Dauphin County, and all defense witnesses are located there. Relying on *Borger,* the majority discounts this aspect of Appellees' petition because "claims by a defendant that no significant aspect of a case involves the chosen forum, and that another forum would be more convenient, are not the type of record evidence that proves that litigating the case in the chosen forum is oppressive or vexatious." (Maj. Op. at 501). Quite simply, *Borger* is not only inapposite to the majority's conclusion, but also undermines it because the *Borger* court affirmed the trial court's decision to grant defendant's petition to transfer venue from Philadelphia County to Lehigh County on *forum non conveniens* grounds. *Borger, supra* at 313–14 (holding court properly transferred case from Philadelphia to Lehigh County where defendant and all his witnesses were located in Lehigh County and defendant stated in his petition that trial in Philadelphia may force him to temporarily close his office; "commute to Philadelphia County would take an hour and a half, compared to the twenty minutes for a trip to the courthouse in Lehigh County"). Therefore, *Borger* merely recited the legal principle that there is a vast difference between inconvenience and oppression, but

ultimately held the defendant had met his burden of showing oppressiveness. In so holding, the court primarily relied on the distance between the defendant's residence/office (Lehigh County) and the plaintiff's chosen forum (Philadelphia County), and the hardship that would result to defendant and his witnesses in having to travel to Philadelphia.

In this case, Appellees have put forth sufficient facts to support a transfer. All events underlying the present litigation occurred in Dauphin County. While not dispositive to Appellees' petition to transfer, this fact is certainly relevant. Unlike the majority, I think this aspect of Appellees' petition weighs in favor of a transfer because it supports the ultimate determination required to establish oppressiveness under *Cheeseman*—that trial in another county would provide easier access to witnesses or other sources of proof. Moreover, Dauphin County is not one of Philadelphia's suburban counties, where the travel time to Philadelphia is measured in minutes. All Appellees live and work in Dauphin County. The approximate one way travel time and distance between the Dauphin County Courthouse and Philadelphia City Hall is 2 hours and 105 miles, respectively. *See Wood, supra* at 709 (stating defendants had brought forth evidence of hardship by showing Bradford County Courthouse is two miles from accident whereas Philadelphia County court is one-hundred and ninety miles away). As the trial court properly recognized, this is relevant evidence of hardship. Not only are all relevant defense witnesses and sources of proof located in Harrisburg, but the distance from there to Philadelphia, Appellants' chosen forum, is also significant.

The majority dismisses the substantial travel burdens Appellees' witnesses would face from a trial in Philadelphia by concluding the burdens to those witnesses are irrelevant because the witnesses are either: (1) employees of a corporate defendant or (2) engaged in client-based professions. For the "employees of a corporate defendant" proposition, the majority relies on *Walls;* the "client based professions" distinction is derived from *Cooper v. Nationwide Mutual Insurance Company,* 761 A.2d 162, 166 (Pa.Super.2000). Neither case is persuasive, in my opinion.

The majority relies on *Walls* to discount the potential burdens suffered by Appellees' four witnesses [1] as immaterial to any oppression corporate defendants RWC and Integrity might suffer from trial in Philadelphia. *See Walls, supra* at 853 (discounting hardship to single Phoenix Insurance claims adjuster/defense witness, Robert Moylan, because "Mr. Moylan is not a hapless citizen being hauled into court, but is a professional insurance adjuster who will surely be compensated by his client"). I believe *Walls* is factually inapposite to the present case. Significantly, the critical witness in *Walls* was an insurance claims adjuster. Appellees' witnesses here occupy vastly different employment positions, as the President, Treasurer, Corporate Counsel, and Systems Manager at RWC and Integrity, respectively and their corporate responsibilities are not analogous to the one witness in *Walls.* As such, the majority's reliance on *Walls* to reject the hardship to Appellees' witnesses as inconsequential is tenuous and misplaced.

Moreover, I reject the majority's use of *Walls* to consider the potential burden that would inure to defense counsel in the event

---

1. The witnesses are Richard Schwartz, corporate counsel for RWC; Robert Yeselavage, Treasurer and Operations Manager for Integ-

rity; George Parmer, President of RWC and Integrity; and William Gregory, Jr., Systems Manager for Integrity.

of a transfer. Alleged hardship that defense counsel might suffer is irrelevant under *Cheeseman* and Rule 1006(b) because considering the hardship to defense attorneys presupposes this Court better understands Appellees' preferences than Appellees themselves. The act of filing a motion to transfer based on *forum non conveniens* shows Appellees believe Dauphin County is a more convenient forum than Philadelphia County. For this Court to conclude to the contrary, based on the location of Appellees' counsel, flies in the face of the motion to transfer. The majority's reasoning also ignores the common practice of retaining local counsel and, in part, punishes Appellees for hiring lawyers based in the jurisdiction where Appellees were sued. In the event RWC and Integrity had hired Harrisburg-based counsel and included its attorneys as persons suffering hardship from trial in Philadelphia, those allegations would be properly rejected as irrelevant under *Cheeseman*. The converse is true as well. The proper consideration under *Cheeseman* is hardship to Appellees and their witnesses in litigating in Appellants' chosen forum. To the extent the majority relies on the burdens to defense counsel in potentially traveling to a new forum, I think that analysis is flawed.

*Walls* is also unpersuasive because of the practical problems its reasoning creates. The majority reads *Walls* as standing for the proposition that hardship to employees of Appellees is irrelevant because a corporate defendant will likely compensate those witnesses, and as a result, Appellees' witnesses will not suffer hardship. Like many defendants, RWC,

Integrity, and Keefer Wood are business entities that can only act through agents or employees. When sued, the entities necessarily will send representatives to defend the company at a deposition or trial because the company itself is only a person in the legal sense. The majority's interpretation of *Walls* is troubling as applied to Appellees like RWC, Integrity and Keefer Wood because the entities themselves are not traveling great distances to attend trial. Their employees, the persons who represent and act on behalf of their companies, however, will be burdened by such travel, but the hardship to those persons does not receive consideration in the majority's approach because the witnesses **might** be compensated by their employer. There is no indication in the record that Appellees will be compensated for their time and expenses should they have to travel to Philadelphia for trial. Therefore, I disagree with the majority's reasoning in this regard, in that it presupposes facts not in the record.[2] Instead, I would limit *Walls* to its facts and decline to apply its reasoning beyond the specific scenario espoused in that case.

The majority's use of *Cooper* is similarly unconvincing to me. In *Cooper*, this Court held oppression to the clients of the defense witnesses is not a pertinent consideration, because *Cheeseman* places its focus on hardship incurred by the witnesses themselves. *Cooper, supra* at 162. The majority largely misapplies *Cooper* by seeming to discount any alleged hardship that might exist for Appellees' four witnesses, simply because those witnesses are engaged in client-based professions.[3]

---

2. *Walls* makes similar suppositions, without record support, which only serve to weaken its holding.

3. The witnesses are Charles Rubendall, II, an attorney and a named Appellee; Ronald Katz-

man, Esquire, a Harrisburg attorney and counsel for William Gregory; Ronald Stratimis, owner and operator of RJS Consulting; and Charles E. Talmadge, Marketing Representative for Millers Capital Insurance Co.

None of the disputed witnesses in this case alleged hardship because of the effects on their clients. Entirely to the contrary, the affidavits provided by Appellees' "client-based profession" witnesses outline the hardship the witnesses themselves would suffer, without any reference to their clients. Therefore, the factual record undermines the majority's conclusion here, and *Cooper* cannot support the majority's reasoning.

The remainder of the majority's discussion centers on the alleged lack of detail in the affidavits submitted by Appellees' witnesses. The majority employs an exacting standard with respect to the amount of facts necessary to sustain the "detailed averments" prong of *Cheeseman* and concludes Appellees failed to provide sufficiently particularized affidavits in support of their motion to transfer. Pennsylvania law, however, is not entirely clear on **how much** detail is necessary to meet burden of providing "detailed information on the record." In a very general sense, bare-bones or conclusory factual allegations regarding hardship or oppression are inadequate. *See Hunter, supra* (rejecting claims of oppressiveness because defendant did not provide "detailed averments in its petition" as to why chosen forum was oppressive); *Cooper, supra* (noting defendant did not indicate precisely how duties and operations of its business would suffer if its employees were forced to testify at trial in Philadelphia); *Hoose, supra* at 4 (stating defendants' failure to produce affidavits from witnesses attesting to fact that they would suffer hardship undermines their claims of oppressiveness). On the other end of the spectrum, allegations are likely to be deemed sufficiently detailed when they set forth the ways in which defense witnesses would be burdened by trial in plaintiff's chosen forum. *See Wood, supra* at 714 n. 5 (concluding proof offered by DuPont defendants was suffi-

ciently detailed where DuPont stated its witness was plant manager at location that was staffed on "one person-one job" basis and witness' absence would negatively affect plant production and safety); *Borger, supra* (stating defendant met his burden of producing sufficiently detailed information of oppressiveness where defendant provided: (1) information on lengthy travel time between his home and trial in Philadelphia County as compared to shorter travel between his home and Lehigh County court; (2) statements that trial in Philadelphia would require him to stay overnight and curtail his ability to operate his medical practice; and (3) averments that many of his office employees were potential witnesses, and presence of those employees at trial in Philadelphia would force him to close his office temporarily).

Upon review of the record in the present case, in light of the relevant case law, I am convinced Appellees did present sufficiently detailed information in their motion to transfer. Appellees' affidavits state each witness: (1) resides more than 100 miles from Philadelphia; (2) would be required to incur substantial costs for either fuel or lodging; (3) would be forced to take time out of the office for trial in Philadelphia; (4) would be forced to take time away from their positions at either RWC, Integrity, or Keefer Wood; and (5) would suffer greater hardship from trial in Philadelphia than one in Harrisburg. (*See* Motion to Transfer, Exhibits E, F, G, H, I, J, K; R.R. at 1646a–1668a). The ways the duties or operations of RWC, Integrity, or Keefer Wood would be affected by the witnesses' absence and the resulting hardship is self-evident, given the senior management positions each witness occupies within their respective companies or law firm. Without the President, Treasurer, Operations Manager, and Systems Manager, Integrity's ability to run its business

will necessarily be substantially impaired. Appellees' witnesses are employed in "one person-one job" type positions and are not so easily replaceable. As a result, the hardship Appellees will suffer from the witnesses' absence is readily apparent even without precise details on how or why their business operations might suffer in their absence. Moreover, Appellees' witnesses are not employed in positions where their daily activities are predictable. Instead, the nature of their positions means their duties are myriad and far reaching, such that it is not possible for these purposes to forecast how their businesses might suffer from their absence on any given day. Based on this evidence, I conclude Appellees set forth sufficient detail in their affidavits to satisfy *Cheeseman*.

Essentially, my view of this case shows the trial court considered one improper factor—Appellants' location.[4] This single misstep, however, did not lead to an abuse of discretion. There is no indication in the court's opinion that it gave this one factor undue weight or based its decision to transfer the case solely on the location of Appellants' home and offices. Importantly, the court held Appellees to the proper burden. *Cf. Catagnus, supra* at 1265 (holding trial court abused its discretion when court explicitly balanced convenience of defendants' preferred forum against plaintiffs' chosen forum, rather

than limiting its examination to whether defendants had established plaintiffs' forum was oppressive or vexatious). Here, the court considered the totality of the circumstances, which largely comprised of evidence regarding Appellees' location, Appellees' travel time and distance from Philadelphia, Appellees' witnesses, and the hardship to those witnesses if trial were held in Philadelphia. The record shows the trial court correctly set out the pertinent law under *Cheeseman* and Rule 1006(d) and, with one minor exception, applied the law to the facts in a sensible and well-reasoned manner. Appellants might take issue with the respective weight the trial court gave certain factors, but our role at the appellate level is not to assess the trial court's discretionary ruling as if we were deciding the motion to transfer in the first instance. *See Zappala, supra* at 536, 909 A.2d at 1284 (providing trial court decision must stand if there is "any basis" supporting court's decision).

For all the foregoing reasons, I would affirm the order transferring this case to Dauphin County on *forum non conveniens* grounds. Accordingly, I dissent.

---

4. The trial court's comment on Appellants' location was cursory, in that court merely stated: "None of [Appellants is] from Philadelphia County." This lone remark is the only instance in which the court mentioned Appellants' location. A reading of the entire-

ty of the trial court opinion in its proper context reveals the court's decision to transfer the case to Dauphin County was based on its conclusion that all defense witnesses and relevant sources of proof were located in Dauphin County.